## Henderson v. M.A. Inc.
*[Cite as 5 AOA 168]*

*Case No. 57227*
*Cuyahoga County, (8th)*
*Decided August 16, 1990*

*Sheldon D. Schecter, 2700 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*John D. Polito, 1142 Hanna Bldg., Cleveland, Ohio 44115, for Defendant-Appellee.*

CARDINAL, J.

Plaintiff-appellant, McKinley Henderson, appeals from a summary judgment rendered in favor of defendant-appellee, M.A., Inc., in a slip and fall case. Appellant's sole assigned error contests that judgment.

On January 1, 1989, at approximately 8:00 p.m., appellant sustained personal injuries when he slipped and fell on ice that had accumulated on the driveway of an apartment complex operated by appellee. In the affidavits attached to appellee's motion for summary judgment, appellee asserts that there was no unnatural accumulation of ice on the driveway upon which appellant slipped and fell. Further, no agents, employees or persons had any knowledge before appellant's fall of any ice or snow accumulation in the area in which the appellant claims he fell, other than natural accumulations.

Appellant also submitted affidavits to support his brief in opposition to the motion for summary judgment. Appellant stated that at the time he fell the driveway had not been shoveled. Appellant asserted that the ice had formed because a water line connected to the subject property had been "breached." Further, appellant asserted that appellee and appellee's agents and employees were aware of the ice problem but did nothing to stop it.

In deciding whether the trial court correctly granted summary judgment, this court must follow Civ. R. 56 and view the record in the light most favorable to the non-moving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St. 2d 150. The burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. The inferences to be drawn from the underlying facts contained in the depositions, affidavits and exhibits must be construed in the opposing party's favor. When so construed, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 437; *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135, 138.

Appellee's affidavit asserted that it did not have knowledge of any unnatural accumulations of ice or snow on the driveway upon which appellant fell. However, appellant's affidavit asserted that appellee was aware of the unnatural accumulation of ice on its driveway but did nothing to

correct the problem. We believe such evidence raises a genuine issue of material fact. Thus, the trial court erred in granting summary judgment in appellee's favor.

Accordingly, appellant's assigned error is sustained.

*Judgment reversed and cause remanded.*

SWEENEY, P.J., and PRYATEL, J., concur.

Sitting by Assignment of the Supreme Court of Ohio, John G. Cardinal, Judge, Ashtabula County Common Pleas Court and August Pryatel, Retired, Eighth District Court of Appeals.