DILLON, Appellant,

v.

RUSSELL, Warden, et al., Appellees.

[Cite as *Dillon v. Russell* (1993), 85 Ohio App.3d 781.]

Court of Appeals of Ohio,
Allen County.

No. 1–93–1.

Decided April 19, 1993.

*Edwin R. Dillon, pro se.*

*Lee Fisher,* Attorney General, and *Robert W. Myers,* Assistant Attorney General, for appellees.

---

*Per Curiam.*

This is an appeal from a summary judgment entered in the Allen County Court of Common Pleas, in favor of the defendants-appellees, Harry K. Russell, Warden, and others, and against the plaintiff-appellant, Edwin R. Dillon.

Appellant is an inmate incarcerated at the Lima Correctional Institution ("LCI"). On June 22, 1992, appellant filed a complaint against the Warden of LCI, Russell, and against two other LCI employees, Paul Davenport and David Turner. The complaint alleged that appellant's civil rights were violated when he was subjected to discipline for failing to cut his hair in compliance with the institutional rules. The complaint sought declaratory, injunctive and compensatory relief.

On October 23, 1992, defendants-appellees filed a motion for summary judgment accompanied by a memorandum in support thereof. On December 10, 1992, the trial court granted summary judgment in favor of the appellees, finding that the appellees' hair length regulation was reasonably related to legitimate penological interests and that the appellees were entitled to judgment as a matter of law.

Appellant thereafter brought the instant appeal, raising the following two assignments of error:

"I. The common pleas court improperly overruled plaintiff-appellant's timely filed motion for summary judgment, and sustained defendants-appellees' motion for summary judgment against the plaintiff-appellant, and dismissed plaintiff-appellant's claim against the defendants-appellees.

"II. The common pleas court erred by not fulfilling their [*sic*] obligation set forth by Title 28 U.S.C. Section 1331 and Title 28 Section 1343(a)(3), and by not enforcing the United States Constitution, Amendment # 1 and Amendment # 8, and Amendment # 14, also see Ohio Revised Code Section 2921.45, Interfering with Civil Rights."

We find that the trial court, in its entry granting summary judgment, precisely detailed and analyzed the law applicable to the appeal before us. Therefore, upon the reasoning and authority set forth in the trial court's decision filed December 10, 1992, in the Allen County Court of Common Pleas, and attached hereto as the Appendix, plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment entry granting summary judgment in favor of defendants be, and hereby is, adopted and incorporated into this opinion and that a copy of same shall be attached hereto and made a part hereof.

It is further ORDERED, ADJUDGED and DECREED that the judgment of the Common Pleas Court of Allen County be, and the same hereby is, affirmed at the costs of appellant, for which judgment is hereby rendered, and that the cause be remanded to that court for execution of the judgment for costs.

It is further ORDERED that the Clerk of this court certify a copy of this judgment to that court as the mandate prescribed by App.R. 27 or by any other provision of law, and also furnish a copy of this opinion directly to the trial judge.

*Judgment affirmed.*

SHAW, THOMAS F. BRYANT and HADLEY, JJ., concur.

## APPENDIX

### Decided Dec. 10, 1992

MICHAEL A. RUMER, Judge.

The matter for disposition before this court is a motion for summary judgment filed by defendants on October 23, 1992. This matter is considered upon the written briefs of both parties and without oral argument pursuant to Local Rule 3.04.

Upon consideration of the pleadings and affidavits filed herein, this court finds defendants' motion well taken.

Plaintiff is an inmate incarcerated at Lima Correctional Institution ("LCI"). The defendants are employees of the Ohio Department of Rehabilitation and Correction ("DRC") and are assigned to LCI. Plaintiff claims that his constitutional rights were violated when defendants required him to cut his hair, and upon failure to do so, placed him in an isolation cell block. Plaintiff asserts that he belongs to a religious cult known as Nazarite Christian Faith, which subscribes to the belief that one is not to cut one's hair. Plaintiff contends that his First Amendment right, which provides for freedom of religious expression, was violated when defendants forced him to cut his hair. Defendants rebut, claiming that legitimate governmental interests supersede plaintiff's right to exercise his First Amendment right to religious expression.

In deciding whether summary judgment is appropriate, this court must follow Civ.R. 56 and view the record in the light most favorable to the nonmoving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924. The burden of establishing that the material facts are not

in dispute, and that no genuine issue of facts exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The inferences to be drawn from the underlying facts contained in the affidavits and exhibits must be construed in the opposing party's favor. When so construed, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314; *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480.

However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, and such party must so perform if it is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. In addition, the nonmoving party has the burden of producing specific evidence to establish each element of each claim. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

The United States Supreme Court addressed the issue regarding prison regulations abridging the religious freedom of inmates and held that such prison regulations must be given deference as long as such regulations are reasonably related to legitimate institutional goals and policies of the prison. *O'Lone v. Shabazz* (1987), 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282. Under *Shabazz*, prison officials do not have the burden of proving that there is no reasonable alternative method by which prisoners' religious rights can be accommodated without creating security problems; on the contrary, the prisoner bears the burden of showing that the logical connection between the existing regulation and its asserted goal is so remote as to render the policy arbitrary or irrational.

In the case *sub judice*, defendants state that the hair length regulation has a rational connection to a legitimate governmental interest (*i.e.*, security, sanitation and safety). Defendants assert that the restriction of hair length aids in the ability to identify inmates for roll call, mail call, and in the event the inmate escapes. Additionally, defendants state that the regulation relates to prison safety in the prevention of the risk of hair being caught in machinery and to decrease the likelihood of homosexual attack. Last, defendants point out that the nexus between the regulation and sanitation problems is in the form of clogged drains and lice infestations.

Although plaintiff holds steadfastly to the principle that constitutional protections do not stop at the prison gates, this court must point out that there must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are general of application." *Wolff v. McDonnell* (1974), 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951. This

court finds that plaintiff simply does not possess the full range of freedoms that an unincarcerated individual has. "[W]hen an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447, 473.

In applying the facts of this case to the standard set forth in *Shabazz*, this court finds that plaintiff failed to produce specific evidence to support a claim that defendants' hair length regulation is not reasonably related to legitimate penological interests. Viewing plaintiff's claim and the defendants' regulation and intended objectives, this court finds that the hair length regulation at issue is reasonably related to legitimate penological interests and is therefore a valid restriction under *Wolfish*. This court concludes that no issues of material fact exist and that defendants are entitled to a judgment as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be, and hereby is, sustained and that plaintiff's claim against defendants be dismissed. Costs assessed to plaintiff.