WILLIAMS ET AL., APPELLEES, *v.* FIRST UNITED CHURCH OF CHRIST, APPELLANT.

[Cite as Williams v. First United Church of Christ (1974), 37 Ohio St. 2d 150.]

(No. 73-467—Decided March 20, 1974.)

*Messrs. Cohen, Todd, Kite & Spiegel* and *Mr. Marshall C. Hunt, Jr.,* for appellees.

*Messrs. McIntosh, McIntosh & Knabe* and *Mr. Bruce B. McIntosh,* for appellant.

*Per Curiam.* Civ. R. 56(C), in pertinent part, provides:
" * * * Summary judgment shall be rendered forthwith if the pleadings, depositions * * * affidavits * * * timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered until it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Civ. R. 56 (C) is based upon Rule 56 (C) of the Federal Rules of Civil Procedure. Thus, we have the advantage of interpretations by federal courts, as well as our own.

In the following cases, the United States Supreme Court emphasized the way in which a reviewing court should evaluate the record upon an appeal from a summary judgment:

" * * * We look at the record on summary judgment in the light most favorable to * * * the party opposing the motion * * *," *Poller* v. *Columbia Broadcasting System*

(1962), 368 U. S. 464, 473. Further, "* * * on summary judgment the inferences to be drawn from the underlying facts contained in such materials [depositions, affidavits and exhibits] must be viewed in the light most favorable to the party opposing the motion." *United States* v. *Diebold* (1962), 369 U. S. 654, 655.

The record in this case contains the motion for summary judgment, parts of a deposition of Mrs. Williams taken by the attorney for the Church, a memorandum supporting the Church's motion for summary judgment and the respective pleadings.

It could be gleaned from the record that the Church was operating an annual bazaar and supper which usually nets between $1,800 and $2,000; and that the money collected generally aids the Church in its operation or budget. It was apparent that the plaintiff was a member of the Church who had donated services during the bazaar, and who had purchased and was eating her supper when the accident occurred. Also, there was some evidence that the Church had notice of the unsafe condition of the coat rack.

From that record, the Court of Appeals determined that two genuine issues of fact were sufficiently raised: (1) Whether Mrs. Williams was a nonbeneficiary of the defendant Church; and (2) "whether the Church was operating a business enterprise for profit not reasonably related to the purpose for which it was organized."

In *Bell* v. *Salvation Army* (1961), 172 Ohio St. 326, 328, this court, in a *per curiam* decision, said:

"* * * There are at least three exceptions to the doctrine of immunity for nonhospital charitable institutions, to wit; (1) where the injured person is not a beneficiary of the institution (*Gibbon, Admr.,* v. *Y. W. C. A.,* 170 Ohio St. 280 * * *) ***; and (3) where the institution operates a business enterprise for profit not directly related to the purposes for which such institution was organized (*Blankenship* v. *Alter, Archbishop, Trustee,* 171 Ohio St. 65 * * *.)"

We agree with the Court of Appeals that, based upon the underlying facts and documents before the trial court,

inferences could be drawn, which, when viewed in the light most favorable to plaintiff, would require that the motion for summary judgment be denied.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.