HUNTINGTON NATIONAL BANK, APPELLEE, *v.* WATTERS ET AL., APPELLANTS.

[Cite as Huntington National Bank v. Watters (1976), 50 Ohio App. 2d 325.]

(No. 75AP-558—Decided March 18, 1976.)

*Messrs. Wright Harlor, Morris & Arnold, Mr. Jack R. Pigman* and *Mr. Ralph Dill,* for appellee.
*Messrs. Segreti & Tousey,* for appellants.

HOLMES, J. This matter involves the appeal of a summary judgment previously granted the plaintiff-appellee

Huntington National Bank, in an action brought by the appellee against the defendant Robert Watters on a promissory note executed by the defendant to the plaintiff for money advanced by the plaintiff to partially finance an automobile bought by the defendant from an automobile dealer in Franklin County, known as the Rutherford Brothers, Inc.

The record would show that the defendant Robert Watters filed an answer to the complaint of the plaintiff Huntington National Bank, admitting the execution of a note and that such was unpaid, but specifically denying that the said note was due and payable to the plaintiff.

In the second defense, the defendant alleged that he had purchased a 1966 Lotus Elan automobile from Rutherford Brothers, Inc., and, that upon determination that the automobile was defective, defendant had notified the plaintiff of the defects in the car, and notified the plaintiff of his desire to cancel the note, and demanded that the money not be disbursed, but that the plaintiff had proceeded to disburse the funds to the automobile dealer.

The defendant, in his answer, alleged that he was not obligated to pay the purchase price of the automobile due to the breach of warranties and the fraudulent representations involved in the sale, and that the plaintiff was aware of the defects in the automobile, and plaintiff had acted in bad faith in disbursing the money to Rutherford Brothers after notice of the claimed breach of warranties and fraudulent representations made by such car dealer.

The defendant moved the trial court to stay the action on the note, in that he had brought an action as against Rutherford Brothers on the claimed breach of warranty and fraudulent representations made concerning the automobile. Prior to any ruling on such motion for stay of proceedings, the plaintiff filed a motion for summary judgment. Upon the pleadings and affidavit of Mr. Glenn E. Hardbarger, assistant vice president of Huntington National Bank, as to the existence of the aforestated note, the statement of the amounts due and owing on such note, and upon the affidavit of the defendant relative to the sequence

of events concerning the note and the specific contacts with the plaintiff bank, the trial court entered a summary judgment for the plaintiff Huntington National Bank.

Pursuant to Civ. R. 56, summary judgment, may not be properly granted by the trial court unless reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. In determining whether a summary judgment may be granted under the facts as presented in a given matter, the trial court must construe the evidence most strongly in favor of the party against whom the motion for summary judgment is made. *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150.

Further, a summary judgment cannot appropriately be awarded upon motion unless one cannot reasonably draw any inference from the evidence that there may be a valid defense. Specifically in this regard, we find in the affidavit of the defendant Robert M. Watters, at section 6 thereof, the following:

''Defendant executed a note to Plaintiff for said balance of the purchase price, and took possession of the automobile. However, before moneys were disbursed by Plaintiff to Rutherford Bros. Inc., Defendant discovered the defective nature of the automobile and contacted Plaintiff, and told Plaintiff not to disburse the funds to Rutherford Bros. Inc., because the car was defective.''

Further within the defendant Robert Watters' affidavit, we find the following:

''7. Plaintiff's agent told Defendant that although the funds had not been disbursed that they would not stop the pending disbursement based upon Defendant's claims.''

Also, at section 8 of the defendant's affidavit, we find:

''Thereafter, Plaintiff disbursed the funds to Rutherford Bros. Inc., directly contrary to Defendant's instructions and demands.''

We feel that such evidence submitted by this defendant by way of his affidavit does in fact present reasonable inferences that there may be presented by this defendant

a valid defense to the claim on this note. It is our view that the plaintiff, a holder of the note, with knowledge of the failure of consideration of the maker's contract of purchase with Rutherford Brothers, and having received a request to stop payment, holds this instrument subject to the defense of failure of consideration in the same manner as such a defense would be available against Rutherford Brothers. Here the defendant raises the issues not only that the plaintiff was aware of the claim that there had been a failure of consideration because of the imperfections noted within the automobile, but also that the plaintiff had been told prior to disbursement of the funds that they were not to disburse the funds because of the failure of consideration. These presented issues of fact which should have been determined by the trial court upon evidence adduced.

The plaintiff conversely argues that even assuming that the issues raised by the defendant, are genuine, there would be serious question about the materiality of such issues in that disbursement of funds against the appellant's order and with knowledge of the defects of the automobile would not be a defense to an action on the note. In support of such proposition, the plaintiff argues that Ohio has long recognized the existence of third-party beneficiary contracts upon which the outside party for whose benefit the contract was executed could maintain an independent action. Citing *Emmitt* v. *Brophy* (1884), 42 Ohio St. 82; *Society of Friends* v. *Haines* (1890), 47 Ohio St. 423; and *Visintine & Co.* v. *New York, Chicago & St. Louis Rd. Co.* (1959), 169 Ohio St. 505.

We recognize that Ohio has generally adopted the third-party beneficiary contract theory. We also are aware that there is case law in Ohio which holds that a legal obligation owing from the promisee to the third person is not essential to the maintenance of an action by a third person. See *Royal Indemnity Co.* v. *Northern Ohio Granite & Stone Co.* (1919), 100 Ohio St. 373. This latter principle of law has been applied in allowing recovery by third-party donees as against a second party promisor.

However, we are not disposed to extend such theory to the facts of the instant case to defeat the defense of the maker of an instrument where, in an action by the holder bank, the maker had alleged that prior to the distribution of the monies to the third-party automobile dealer, he had in-informed the bank of the failure of consideration and had ordered the bank to stop payment upon such note.

In any event, we hereby hold that the evidence before the trial court upon this motion for summary judgment did in fact raise genuine issues of material facts so that the moving party was not entitled upon motion to a summary judgment as a matter of law.

Based upon all of the foregoing, the judgment of the Franklin County Municipal Court is hereby reversed and this matter is remanded for further proceedings according to this decision and in accordance with law.

*Judgment reversed.*

WHITESIDE and McCORMAC, JJ., concur.

WHITESIDE, J., concurring. Although I concur in the opinion and judgment, there are some additional pertinent observations. Defendant executed a note payable to plaintiff bank in consideration for which plaintiff bank was to pay a stated sum of money to an automobile dealer in partial payment of an automobile being purchased by defendant.

Prior to such payment being made by the plaintiff bank, defendant notified plaintiff bank not to make the payment because defendant had discovered that the automobile being purchased was defective. Plaintiff bank refused to follow defendant's instructions, and, after such notice, made the payment to the automobile agency. (It might be noted that defendant's affidavit refers to the automobile agency as "Rutherford Bros., Inc."; whereas, plaintiff's affidavit refers to payment being made to "United Auto Sales.")

Plaintiff bank contends that it was entitled to make

payment to the automobile agency and hold defendant liable therefor, despite defendant's instructions to the contrary (which plaintiff does not concede it received), because the automobile agency was a third-party beneficiary of the contract (note) between plaintiff and defendant.

. Assuming that the automobile agency was a third-party beneficiary, plaintiff bank acted at its peril if it paid the agency after notification not to do so from defendant. Plaintiff bank, merely because it possesses a promissory note executed by defendant, is not entitled to, in effect, act as judge and jury and determine favorable to the agency the dispute between defendant and the automobile agency over the proceeds of the loan.

When notified of the dispute as to whom the loan proceeds should be paid, plaintiff bank could no longer rely upon the original instructions from, and understanding with, defendant that the loan proceeds should be paid to the auto agency.

The controlling issue is whether the automobile agency is entitled to the loan proceeds by virtue of being a third-party beneficiary of the agreement between plaintiff bank and defendant. Obviously, if, as defendant contends, the circumstances are such as to justify cancellation of the purchase of the automobile, or that the sale contract was materially breached by the agency, then the agency would not be entitled to the loan proceeds. Plaintiff bank was not entitled to make this determination. Having done so, plaintiff bank can recover on the note only if it is determined to have made the correct determination of the dispute between defendant and the agency as to the agency's right to the loan proceeds. This issue cannot be resolved upon summary judgment predicated upon what was before the trial court.

The foregoing is, of course, predicated upon construing the evidence favorable to defendant. The ultimate factual determinations may well reveal a different fact situation than that set forth above. However, at this stage of this case, there are most clearly genuine issues of material facts that must be resolved in plaintiff's favor before it could possibly be entitled to summary judgment.