LAKATOS, APPELLEE, *v.* FRANKLIN INTERNATIONAL, INC., D.B.A. FRANKLIN CHEMICAL INDUSTRIES, INC., APPELLANT.

[Cite as Lakatos *v.* Franklin Internatl., Inc. (1989), 41 Ohio St. 3d 8.]

(No. 87-2114—Submitted January 17, 1989—Decided March 1, 1989.)

*Richard M. Stein Co., L.P.A.,* and *Richard M. Stein,* for appellee.

*Lane, Alton & Horst, Jack R. Alton, Joseph A. Gerling* and *Robert D. Erney; Vorys, Sater, Seymour & Pease* and *Michael G. Long,* for appellant.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for the application of *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, and *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, ____ N.E. 2d ____.

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, DONOFRIO and RESNICK, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

JOSEPH DONOFRIO, J., of the Seventh Appellate District, sitting for H. BROWN, J.

HOLMES, J., concurring in part and dissenting in part. Although I concur in the reversal of the court of appeals' decision herein which erroneously applied R.C. 4121.80(G)(1) retroactively, I would reinstate the entry of summary judgment for appellant on the authority of *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, paragraphs five and seven of the syllabus.

In reviewing motions for summary judgment pursuant to Civ. R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315; *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924. In *Van Fossen, supra,* at paragraph seven of the syllabus, we held that Civ. R. 56(E) requires the plaintiff-employee alleging an intentional tort by his employer to set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee, including specific facts showing a genuine issue of whether the employer possessed the requisite intent as set forth in paragraph five of the *Van Fossen* syllabus.

Such specific facts are lacking in appellee's motion opposing summary judgment below. There were no prior instances involving the reactor vessel at issue here upon which to predicate the employer's knowledge that harm to the appellee would be a substantial certainty and not just a high risk. I

thus dissent from the majority's decision to remand this cause to the trial court for its redetermination of the motion for summary judgment, inasmuch as this court is fully competent to review the motion on the record before us and render a decision thereon, see, *e.g., Van Fossen, supra.* As was aptly stated in a recent case involving dismissals under Civ. R. 12(B)(6), "[w]e do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading [or after the more complete consideration afforded under Civ. R. 56], have no chance of success." *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 193, ___ N.E. 2d ___, ___; see, also, *id.* at fn. 3.