GRAY et al., Appellants,

v.

CONTINENTAL ALLOY STEEL CORPORATION, Appellee.

[Cite as *Gray v. Continental Alloy Steel Corp.* (1990), 70 Ohio App.3d 425.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57466.

Decided Nov. 26, 1990.

*Berger & Kirschenbaum Co., L.P.A.*, and *Robert J. Zavesky*, for appellants.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Thomas Schick,* for appellee.

---

JOHN V. CORRIGAN, Presiding Judge.

Plaintiffs-appellants, Jack L. Gray ("appellant") and Dorothy Gray, appeal from the trial court's judgment granting summary judgment in favor of defendant-appellee Continental Alloy Steel Corporation. The facts giving rise to the instant appeal are as follows:

From August, 1978 until June, 1983, appellant was employed as a grinder, burner and burner foreman at appellee's Miles Avenue and Solon plants. He alleges that he was exposed to dangerous conditions and contracted silicosis as the result of the exposure to various elements in the workplace. To combat this exposure, appellee supplied its employees with particle masks and cartridge-type masks.

In 1982, appellant began to develop a productive cough and shortness of breath. After developing chest pains in June 1983, appellant sought medical treatment. X-rays of appellant revealed the possibility that he had contracted a lung disease. This diagnosis was later confirmed to be silicosis.

On June 4, 1985, appellants filed a complaint against appellee alleging that while appellant was acting in the course and scope of his employment with appellee from August 1978 until June 1983, he was exposed to various elements, including, but not limited to, iron, oxide, copper, nickel, chromium and silica. Appellants claimed that as a result of said exposure, appellant had contracted silicosis.

Appellants alleged that appellee failed to warn appellant of the dangerous condition which existed in the workplace, failed to provide proper safety or respiratory equipment, and failed to adequately monitor the effects that the elements had on appellant. Appellants further contended that as a result of the aforementioned intentional, willful and wanton conduct of appellee, appellant Dorothy Gray suffered the loss of consortium and companionship of appellant Jack L. Gray.

On December 29, 1988, appellee filed a motion for summary judgment. Appellee argued that there was no evidence that it knew that it was exposing appellant to any certain harm from silica dust in his place of employment. In fact, appellee claimed that it took affirmative action to protect its employees from any risk of harm. Thus, appellee argued that its actions disclosed an intent to protect its employees rather than cause them harm.

In support of its motion for summary judgment, appellee attached excerpts from the deposition of its Operations Manager Thomas Legan. Thomas

Legan testified that at both the Miles Avenue and Solon plants, there was sufficient ventilation for the sandblasting and the painting operations. Thomas Legan further stated that there were masks and respiratory protections available to the employees. Thomas Legan did not recall any instances in which employees at either the Miles Avenue plant or the Solon plant complained about the quality of the air.

Appellee also attached a letter from the Industrial Commission of Ohio, Division of Safety and Hygiene, regarding air sampling performed at appellee's premises. The letter indicated that samples taken to evaluate airborne contaminants were below the American Conference of Governmental Industrial Hygienists' eight-hour time-weighted average threshold limit values.

On January 20, 1989, appellants filed their brief in opposition to appellee's motion for summary judgment. Appellants argued in their brief in opposition that there existed a genuine issue of material fact as to whether appellee intentionally exposed appellant to dangerous conditions.

In support of their brief in opposition, appellants attached excerpts from appellant's deposition and the report of Herbert O. Hastings, Jr., the Special Investigator for the Industrial Commission ("the commission"). Contained within Hastings' report were the affidavits of appellant and his co-workers Everett E. Banner and Alfred Z. Gray.

All three employees for appellee claimed that when dust and fumes filled the air, they were given masks that did not properly fit their faces. They stated that dust and fumes would often come through the sides of the masks and into their mouths and noses. Appellant stated in his affidavit that on several occasions, he requested respiratory masks but none were ever issued. Appellant also said that he and other workers did complain to Thomas Legan about the masks and ventilation.

On January 30, 1989, appellee filed a reply brief to appellants' brief in opposition. In its reply brief, appellee argued that there was undisputed evidence that appellee did not commit an intentional tort with regard to the conditions of its work place. Appellee attached to its reply brief a copy of the findings of fact and order for the commission.

The hearing officer for the commission denied appellant's claim, finding that appellant's occupational disease of "complicated silicosis" did not result from appellee's violation of any of the specific safety requirements. The hearing officer further found that appellant failed to meet the burden of proof that his work area contained hazardous concentrations of "respirable free silica."

On March 1, 1989, the trial court granted appellee's motion for summary judgment and dismissed appellants' complaint.

The court granted appellants a delayed appeal, and appellants subsequently raised the following assignment of error:

"The trial court erred as a matter of law in granting the defendant's/appellees' Rule 56 motions for summary judgment, where reasonable minds could not come to but one conclusion adverse to the plaintiffs/appellants.

"I. Viewing the evidence most strongly in favor of the plaintiffs/appellant's reasonable minds could find that Continental Alloy knew of the dangerous conditions to which Jack Gray was exposed.

"II. Continental Alloy subjected Jack Gray to a substantial certainty of harm by requiring him to perform his employment tasks without regard for proper safety and health measures."

Civ.R. 56(C), which establishes the standard upon which to grant a motion for summary judgment, provides in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In reviewing a motion for summary judgment, the inferences from the underlying facts are construed in the light most favorable to the nonmoving party. Civ.R. 56(C); *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 161, 497 N.E.2d 1118, 1120.

Further, a reviewing court, upon an appeal from a summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

■ In an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the employer, the employee must set forth specific facts which show there is a genuine issue of whether the employer had committed an intentional tort against his employee. *Van Fossen v. Babock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

■ To establish the elements of an intentional workplace tort, the employee must demonstrate:

"(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous risk." *Van Fossen, supra,* paragraph five of the syllabus.

■ The focus of an intentional tort under the standard set forth in *Van Fossen* is on the knowledge of the employer regarding the risk of injury. *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114, 1116. The employee has the burden of proving that the employer had actual knowledge of the exact dangers which ultimately caused the injury. *Van Fossen, supra,* 36 Ohio St.3d at 112, 522 N.E.2d at 500.

■ Accordingly, the issue is whether appellants set forth specific facts which would show there was a genuine issue of whether appellee had knowledge of a dangerous condition or process within its business operation which was substantially certain to harm appellant.

Upon a review of the record in the instant case, we find appellants failed to meet their burden of proving appellee had actual knowledge that a dangerous condition or process existed in its business operations.

There is no evidence that appellee had knowledge that dust and fumes in the air were a dangerous condition substantially certain to harm one of its employees. The record is absolutely devoid of any evidence that appellee had knowledge of either the dangerousness of the sandblasting and/or painting or that any prior injuries were caused by these activities.

Further, the record reveals that appellee provided its employees with particle masks and cartridge-type masks to combat the side effects of the sandblasting and painting.

A review of the record reveals there was no genuine issue of material fact and appellee was entitled to judgment as a matter of law. The trial court did not err when it granted appellee's motion for summary judgment.

Appellants' assignment of error is without merit and is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Francis E. Sweeney and Ann McManamon, JJ., concur.