## SOMMERFIELD

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 95–08373.

Decided Feb. 28, 1996.

*Richard F. Sommerfield, pro se.*

*Betty D. Montgomery,* Attorney General, and *J. David Goodman,* Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

On October 10, 1995, defendant filed a motion to dismiss. On October 26, 1995, the court converted the motion to a motion for summary judgment. On November 7, 1995, plaintiff filed a motion for summary judgment. On January 4, 1996, the court held a non-oral hearing on plaintiff's and defendant's motions for summary judgment, considering the evidence allowable pursuant to Civ.R. 56.

Civ.R. 56(C) states, in part, as follows:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65–66, 609 N.E.2d 144, 145.

In his amended complaint, plaintiff lists three causes of action. First, plaintiff alleges that the actions of the Warden of Madison Correctional Institution, Curtis Wingard, violated R.C. 2921.44(C)(5). Second, plaintiff alleges that the actions of the warden violated R.C. 5120.38. Last, plaintiff alleges that the actions of the warden "violate the common law," specifically the "common law duty of reasonable care and protection from harm to the plaintiff."

Plaintiff is a sex offender who is currently serving his sentence at the Madison Correctional Institution. In 1992, plaintiff volunteered for and was assigned to duties as an asbestos removal worker. From 1992 through March 1995, plaintiff worked on various asbestos removal projects at different state correctional facilities.

On February 16, 1995, Warden Wingard made a basic policy decision prohibiting sex offenders from working as asbestos removal workers. Warden Wingard issued the order due to safety concerns arising from the fact that sex offenders were working outside the fences of the correctional facility. The order affected plaintiff and on March 31, 1995, prison officials reassigned him to the position of recreation porter.

Though defendant did not submit any affidavits or any other allowable evidence under Civ.R. 56(C), this court nonetheless finds that defendant is entitled to judgment as a matter of law. Plaintiff has not alleged any cause of action that would entitle him to relief. Plaintiff's complaint is instead a disagreement with Warden Wingard's decision to reassign plaintiff's work detail. As such, plaintiff's case challenges Warden Wingard's policy decision. This decision by the warden is a matter of basic prison policy characterized by the exercise of a high degree of official judgment or discretion, which is immune from liability. See *Reynolds v.*

*State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, paragraph one of the syllabus; *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447; *Westfall v. State* (July 30, 1979), Ct. of Cl. No. 77–06958, unreported; *Mangiopane v. Warren Correctional Inst.* (Aug. 31, 1992), Ct. of Cl. No. 92–03427, unreported.

Thus, plaintiff's motion for summary judgment is OVERRULED and defendant's motion for summary judgment is GRANTED. Court costs are assessed against plaintiff.

*Judgment for defendant.*