JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, John Radwandky ("appellant"), appeals the order of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Twin City Fire Insurance Company ("Twin City"). For the reasons stated below, we affirm.
 {¶ 2} I.
 {¶ 3} This action arises out of a motor vehicle accident that occurred on May 9, 1997, whereby appellant's vehicle was struck by another vehicle which failed to yield the right of way. As a result of the accident, appellant suffered serious injury. An employee of Premix, Inc. at the time of the accident, appellant was neither occupying a vehicle owned by Premix, Inc. nor was he acting within the course and scope of his employment.
 {¶ 4} Premix, Inc. had in place a commercial policy of insurance, issued by Twin City, policy number 45 UEN CM7202 ("policy"), at the time of the accident. The policy included an Ohio UM/UIM coverage endorsement, number CA21220695. Following the collision, the tortfeasor's insurance company offered the liability policy limits to appellant, the payment of which failed to adequately cover his damages. In June 1999, appellant, in return for this settlement, released the tortfeasor and his insurance company from all liability.
 {¶ 5} In November 2001, appellant presented a claim for UM/UIM coverage under the Twin City policy pursuant to the Ohio Supreme Court's holding in Scott-Pontzer v. Liberty Mutual Ins. Co. (1999),85 Ohio St.3d 660. Appellant's presentation of his claim for UM/UIM coverage represented the first time Twin City was notified of the accident. Twin City subsequently denied appellant's claim for coverage.
 {¶ 6} Appellant filed this underlying action seeking declaratory judgment that he was an insured under the policy. The parties filed their respective briefs, and the trial court subsequently granted Twin City's motion for summary judgment, with opinion. Appellant timely filed this appeal, presenting two assignments of error for review:
 "I. The trial court erred in granting summary judgment in favor of Appellee Twin City Fire Insurance Company based upon its finding that plaintiff's breach of notice and subrogation provisions was prejudicial per se: 1) without allowing plaintiff the opportunity to conduct discovery and present evidence to rebut any presumption of prejudice; and 2) without engaging in the two-step determination mandated by the Ohio Supreme Court in Ferrando v. Auto Owners Mutual Insurance Company, 97 [sic] Ohio St.3d ___ [sic], 2002 Ohio 7217.
 II. The trial court erred in granting summary judgment in favor of Appellee Twin City Fire Insurance Company by finding that the presence of named insured individuals in a `named insured endorsement' eliminated the Scott-Pontzer ambiguity when the policy contained an Ohio UM/UIM endorsement containing the same policy language as Scott-Pontzer."
 II. {¶ 1} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 2} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330. The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150.
 {¶ 3} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280. Thereafter, the nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330.
 {¶ 4} This court reviews the lower court's granting of summary judgment de novo. Elkstrom v. Cuyahoga County Community College (2002), 2002 Ohio 6228.
 {¶ 5} Applying the above standards, we will first address appellant's second assignment of error.
 {¶ 6} III.
 {¶ 7} In his second assignment of error, appellant argues that "the court erred in granting summary judgment in favor of Appellee Twin City Fire Insurance Company by finding that the presence of named individuals in a `named insured endorsement' eliminated theScott-Pontzer ambiguity when the policy contained an Ohio UM/UIM endorsement containing the same policy language as Scott-Pontzer." We disagree.
 {¶ 8} In Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, the Ohio Supreme Court found that a commercial automobile insurance policy issued to Superior Dairy, Inc., extended to the surviving spouse of an employee killed in an automobile accident caused by the negligence of another motorist. In Scott-Pontzer, the insurance policy issued by Liberty referred to Superior Dairy, Inc., as the insured. However, the underinsured motorists section of the policy defines "insured" as:
"(B) Who Is An Insured
1. You.
2. If you are an individual, any family member.
 3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss, or destruction.
 4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer, supra.
The court concluded that the "you" contained in the policy was ambiguous. "It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Pontzer, supra at 664. Employing the legal principle that ambiguous insurance provisions will be construed in favor of the insured and against the insurer, the court found the decedent to be an insured under the commercial policy. Id. Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34.
 {¶ 1} In the case sub judice, the policy issued by Twin City also contains an Ohio uninsured motorists coverage — bodily injury endorsement. The language of this endorsement mirrors the language contained in the Scott-Pontzer provision. It is for this reason that appellant argues he is entitled to recover as an insured under the policy. Twin City argues that Scott-Pontzer is inapplicable because the commercial auto policy lists, in addition to corporate entities, three individuals as named insureds.
 {¶ 2} Appellant argues that since this court has previously held that a drive-other-car broadened coverage for named individual endorsement did not eliminate the Scott-Pontzer ambiguity, so the court must also find the named insured endorsement fails to relieve ambiguity. The trial court agreed with Twin City and found that the "policy differentiates between who is an insured."
 {¶ 3} As appellant correctly notes, this court has rejected the notion that an endorsement, which modifies a "who is an insured" provision under an insurance policy to add certain named individuals, makes the Scott-Pontzer rationale inapplicable. In Addie v. Linville, etal. (Oct. 3, 2002), Cuyahoga App. Nos. 80547, 80916, this court held that a separate drive-other-car coverage endorsement that added individuals to the definition of who is an insured "does not substitute for, but explicitly adds to, the definition of who is an insured."[1] Thus, the court held, the ambiguous "you" must still be deemed to include employees of the corporate entity identified as the named insured. Id.
 {¶ 4} Likewise, in Warren v. Hartford Ins. Co. (Dec. 19, 2002), Cuyahoga App. No. 81139, 2002-Ohio-7067, this court found that a broadened coverage endorsement, which named specific groups of individuals to whom UM/UIM coverage extended, also failed to relieve the ambiguity found under Scott-Pontzer. Of note, the Warren court found that Hartford's policy declarations page defined the named insured as Meijer Incorporated, only.
 {¶ 5} Conversely, in the case sub judice, the Twin City policy
 {¶ 6} explicitly incorporates three individuals as insureds on the declarations page.[2] The insurance policies in Addie, supra, Warren, supra, and others, are therefore distinguishable.
 {¶ 7} In order to be a named insured, a person must be listed as such on the declarations page of the policy. Stacy v. Nationwide Mut.Ins. Co., 125 Ohio App.3d 658. In Scott-Pontzer, the underlying declarations page of the policy listed only Superior Dairy. In the case sub judice, the policy's "Common Policy Declarations" page lists the named insured as "Premix, Inc." and "See IH1200." The IH1200 refers to an endorsement entitled "Named Insured" that applies to the "commercial auto coverage part".[3] In addition to Premix, Inc., the endorsement names three individuals: George H. Kaull, Ford M. Davey, and E. Terry Warren.
 {¶ 8} As a result, when the term "you" is used throughout the Twin City policy, including the Ohio uninsured motorists coverage provision, it references an actual "person or persons," as opposed to only a corporate entity as was the case in Scott-Pontzer. Unlike those policies whose endorsements specify that certain individuals will be added to the definition of insured, and which policies this court has found to remain ambiguous, the Twin City endorsement is included as part of the declarations page. Because appellant was not a named insured, the court did not err in granting summary judgment in favor of Twin City.
 IV. {¶ 9} Because we have found that appellant is not an insured under the Twin City policy of insurance, our inquiry is at an end.Scott-Pontzer, supra. Since appellant's second assignment of error has been overruled, the court need not address the merits of appellant's first assignment of error. App.R. 12(A)(1)(c).
Judgment affirmed.
ANN DYKE, P.J. AND FRANK D. CELEBREZZE, JR. CONCUR
[1] See also, Sekula v. Hartford Ins. Co., Cuyahoga App. No. 81295, 2003-Ohio-1160; Reichardt v. Nat'l Sur. Corp. (Sept. 30, 2002), Clermont App. Nos. CA2002-02-017, CA2002-02-018, 2002 Ohio 5143.
[2] The court is aware that the following question has been certified to the Ohio Supreme Court for review, as of April 2, 2003, via Goodlettv. Ohio Cas. Group, 2003-Ohio-1572: "Where both a person and a corporation are named insureds in a commercial automobile liability policy, is there still ambiguity in the word `you' as found by the Ohio Supreme Court in Scott-Pontzer * * * with regard to the definition of `who is an insured.'?"
[3] The court notes that the declarations page indicates IH1200 but the form reads IH12001185T. A copy of the policy, attached to Twin City's memorandum in opposition to summary judgment and cross motion for summary judgment, does not reveal a form IH1200. The court accepts that form IH1200 refers to IH12001185T.