DECISION.
{¶ 1} Plaintiff-appellant Gregg Davidson appeals the entry of summary judgment for defendant-appellee Forshaw Distribution, Inc. We affirm.
 {¶ 2} Davidson was the warehouse manager for Forshaw when he was injured on the job. Davidson's duties included locating and pulling certain products from the warehouse when a customer placed an order. The products were stored on shelves between 12 and 16 feet high, so sometimes Davidson needed a ladder or a forklift to reach the products.
 {¶ 3} Davidson was on a ladder in the warehouse when he heard a rustling sound above him, looked up, and was struck in the face by a falling tire. He fell off the ladder and landed on the concrete floor, sustaining various injuries. No one witnessed the accident.
 {¶ 4} The tire that struck Davidson was one of four truck tires stacked on top of the shelves. The tires belonged to Eric Hamm, Forshaw's regional sales manager. He was storing the tires in the warehouse. Forshaw is a pesticide distributor; tires were not generally stored in the warehouse.
 {¶ 5} Three people besides Davidson had access to the warehouse: Hamm, Andrew Vita, and Sandy Stamper. Vita and Stamper were also Forshaw employees. The tires had been on a wooden pallet on the floor several days before the accident, but someone had placed them on top of one of the shelves. Getting the tires up that high would have required the use of a forklift, which only Davidson, Hamm, and Vita could operate. But no one remembered moving the tires.
 {¶ 6} Davidson sued Forshaw for committing an intentional tort. The parties deposed Davidson, Hamm, Vita, and Stamper. Following discovery, Forshaw moved for summary judgment, which the trial court granted. Davidson now appeals. In his sole assignment of error, Davidson argues that the trial court erred in granting summary judgment.
 I. Summary Judgment and Intentional Torts {¶ 7} We review a grant of summary judgment de novo.[1]
Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[2] A court shall grant summary judgment where reasonable minds can come only to a conclusion adverse to the nonmoving party.[3] The court must view all the evidence, including affidavits and depositions, in the light most favorable to the nonmoving party.[4] The party seeking summary judgment bears the initial burden of identifying the portions of the record that confirm the absence of any genuine issue of material fact.[5]
 {¶ 8} Workers' compensation provides the primary means of recovery for employees injured in the scope of their employment. But an employee may also file a tort action against the employer if the employer's conduct constitutes an intentional tort.[6]
 {¶ 9} The Ohio Supreme Court set out a strict test for intentional torts in Fyffe v. Jeno's, Inc.[7] In order to establish that an intentional tort has occurred, a plaintiff must demonstrate the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such danger, then harm to the employee will be a substantial certainty; and (3) that the employer, with such knowledge, required the employee to continue to perform the dangerous task.[8]
 {¶ 10} Further, mere knowledge and appreciation of a risk does not amount to intent.[9] And the proof required to demonstrate an intentional tort goes beyond that required to prove negligence or recklessness.[10]
 {¶ 11} Davidson now argues that several questions of material fact remain: (1) whether the tires were shrink-wrapped, which would have make them less likely to fall; (2) whether Forshaw knew of the danger at the time of the event; (3) who ordered the tires to be stacked on top of the shelf; and (4) who actually stored the tires there. But these do not amount to material facts.
 {¶ 12} Even if the tires had not been shrink-wrapped and Forshaw knew of the danger, and regardless of who ordered the tires to be stacked and who actually stored the tires, the accident was not a substantial certainty. Unless Hamm or Vita intentionally booby-trapped the tires to fall on Davidson when he was retrieving products from the shelves, this was not an intentional tort. And Davidson has made no such claim, nor is there any evidence in the record that this was the case.
 {¶ 13} The trial court cited several cases where there was an obvious, significant, or even a high risk of danger, but the employer's conduct did not amount to an intentional tort.[11] On the basis of these cases and the strictFyffe test, there are no genuine issues of material fact remaining in the present case. While storing tires on top of the shelf may have created some risk, there was no evidence that Davidson's injury was a substantial certainty. Again, mere negligence or recklessness does not constitute an intentional tort.
 {¶ 14} Examining the facts in the light most favorable to Davidson, we hold that summary judgment was appropriate.
 {¶ 15} We therefore overrule Davidson's sole assignment and affirm the trial court's judgment.
Judgment affirmed.
Winkler, P.J., and Doan, J., concur.
[1] Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186,738 N.E.2d 1243.
[2] Civ.R. 56(C).
[3] Id.
[4] United States v. Diebold, Inc. (1962), 369 U.S. 654,82 S.Ct. 993; Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 309 N.E.2d 924.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264.
[6] See Blankenship v. Cincinnati Milacron Chemicals, Inc.
(1982), 69 Ohio St.2d 608, 433 N.E.2d 572.
[7] (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.
[8] Id.
[9] Id.
[10] Id.
[11] See Long v. Kelley Carpenter Roofing and Sheet Metal,Inc. (1995), 107 Ohio App.3d 26, 667 N.E.2d 1006; Goodwin v.Karlshamns USA, Inc. (1993), 85 Ohio App.3d 240, 619 N.E.2d 508;Goodin v. Columbia Gas of Ohio, Inc. (2000),141 Ohio App.3d 207, 750 N.E.2d 1122.