OPINION
{¶ 1} Appellant, Elaine M. Krauss ("Krauss"), timely appeals the judgment of the Trumbull County Court of Common Pleas which granted summary judgment in favor of the appellee, Lois E. Stitt, Administratrix of The Estate of Keith M. Stitt ("Stitt Estate"). For the reasons that follow, we reverse the grant of summary judgment.
 {¶ 2} Krauss and Keith M. Stitt ("Stitt") were engaged to be married. On October 8, 2003, Stitt was driving a 1996 Honda Shadow motorcycle on which Krauss was a passenger. Stitt was traveling at approximately forty miles per hour. At approximately 8:15 p.m., Stitt and Krauss saw a herd of deer in a field along the right side of the road on which Stitt and Krauss were traveling. One of those deer crossed the road in front of Stitt. Stitt slowed his speed to approximately twenty-five to thirty miles per hour but continued on the same path. Unfortunately, a second deer attempted to cross the road and physically leaped between Stitt and the windshield of the motorcycle striking both. As a result of this collision, Stitt, Kraus and the motorcycle were all knocked to the ground. Stitt later died.
 {¶ 3} On April 22, 2004, Krauss filed a complaint against the Stitt Estate alleging that as a result of Stitt's negligent operation of the motorcycle on the night of October 8, 2003, Krauss sustained physical injuries, lost wages and suffered from a diminished quality of life. On June 10, 2005, the Stitt Estate filed a motion for summary judgment alleging it was the negligence of the second deer that crossed the road and not the negligence of Stitt that caused Krauss's injuries. Krauss replied and the trial court granted the Stitt Estate's summary judgment motion on September 2, 2005.[1]
 {¶ 4} Krauss asserts one assignment of error on appeal:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} Summarjudgment is governed by Civ.R. 56. There are three requirements to succeed on a motion for summary judgment: (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the non-moving party. Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327. When considering a motion for summary judgment, the evidence must be construed in a light most favorable to the non-moving party. Williams v. FirstUnited Church of Christ (1974), 37 Ohio St.2d 150, 151-152. We review a grant of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 7} The facts stated above are not in dispute. However, there are two factual disputes in this case. The first is whether or not the posted speed limit was forty m.p.h. or thirty-five m.p.h. In any event, Krauss herself indicated that Stitt was not speeding. The second factual dispute centers not on Stitt's actual actions, but his inaction.
 {¶ 8} In order to succeed on a claim of negligence, Krauss must be able to prove the following: (1) that Stitt owed a duty of care to Stitt as his passenger on a motorcycle, (2) that Stitt breached that duty of care, and (3) that the breach of that duty proximately caused Krauss's injuries. We find that Stitt did owe a duty of care to Krauss as a passenger on his motorcycle. See,Primes v. Tyler (1975), 43 Ohio St.2d 195.
 {¶ 9} Under the second and third prongs of the negligence claim, Krauss must prove that Stitt breached his duty of care thereby proximately causing her injuries. Generally, questions of negligence and proximate cause are questions for the jury.Clinger v. Duncan (1957), 166 Ohio St. 216, paragraph five of the syllabus. The Stitt Estate argues that Stitt acted reasonably under the circumstances. Stitt saw the herd of deer and acknowledged the same by slowing his speed. Once the second deer ran, Stitt braced for impact. Stitt retained control of the motorcycle up to the point of impact. Krauss agrees with each of these facts yet maintains that Stitt could have done more. Krauss argues Stitt could have pulled off to the side of the road upon witnessing the first deer dart across the road. While such an act may be prohibitive of travel in northeast Ohio during certain seasons, we believe that this is a question to be determined by the jury as the fact-finder. We cannot agree that the Stitt Estate was entitled to judgment as a matter of law when there may have been other reasonable actions taken by Stitt as the operator of the motorcycle. Depending upon the underlying circumstances, the proper course of action for a driver to take when confronted by a deer is a question on which reasonable minds could differ. There is no controlling authority on this issue to which we can turn for guidance. There are no traffic laws on how one should react when confronted with a herd of deer that may cross the path on which one travels. Without any such authority, a factual determination must be made. Did Stitt follow the appropriate course of action in merely slowing his speed as opposed to pulling over? We believe this a question to be decided by the jury. We cannot agree with the trial court that the Stitt Estate was entitled to judgment as a matter of law.
 {¶ 10} For the reasons stated in the Opinion of this court, the assignment of error is well taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed and remanded.
Ford, P.J., O'Neill, J., concur.
[1] The trial court issued a nunc pro tunc judgment entry on September 19, 2005 reflecting an inadvertent misidentification of the defendant as Robert Shaker in the caption of its original entry granting the summary judgment motion.