[Cite as *Martin Marietta Materials, Inc. v. Butler*, 2014-Ohio-4822.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Martin Marietta Materials, Inc., | : | No. 13AP-713 |
| | | (ERAC No. 096484) |
| and | : | No. 13AP-736 |
| | | (ERAC No. 096485) |
| Ohio Aggregates and | : | No. 13AP-737 |
| Industrial Minerals Association, | | (ERAC No. 256486) |
| | : | No. 13AP-739 |
| Appellants-Appellees, | | (ERAC No. 256487) |
| | : | No. 13AP-740 |
| v. | | (ERAC No. 096491) |
| | : | No. 13AP-741 |
| [Craig W. Butler], Director of | | (ERAC No. 256492) |
| Environmental Protection, | : | No. 13AP-742 |
| | | (ERAC No. 11-09655) |
| Appellee-Appellant. | : | No. 13AP-743 |
| | | (ERAC No. 11-256556) |
| | : | (REGULAR CALENDAR) |

---

## D E C I S I O N

### Rendered on October 30, 2014

---

*Bott Law Group LLC*, *April Bott Moore*, *Sarah L. Herbert*, and *MacDonald W. Taylor*, for appellee Martin Marietta Materials, Inc.

*Eastman & Smith Ltd.*, and *Brian P. Barger*, for appellee Ohio Aggregates and Industrial Minerals Association.

*Michael DeWine*, Attorney General, *Wednesday M. Szollosi*, and *Elizabeth R. Ewing*, for appellant.

---

APPEALS from the Environmental Review Appeals Commission

SADLER, P.J.

{¶ 1} Appellant, Craig Butler, Director of Environmental Protection ("appellant" or "director"), appeals from an order of the Environmental Review Appeals Commission

("ERAC") concluding the director acted unlawfully in failing to apply R.C. 3704.03(T), that went into effect on August 3, 2006, to the permits requested by appellee Martin Marietta Materials, Inc. ("Martin Marietta"). For the reasons that follow, we reverse ERAC's order.

## I. BACKGROUND

{¶ 2} Martin Marietta, a producer of construction aggregates, operates several facilities throughout Ohio. As is relevant to this action, the director issued Permits to Install and Operate ("PTIOs") to four of Martin Marietta's facilities located in Cedarville, Troy, Fairborn, and Hamilton, Ohio. Appellees Martin Marietta and Ohio Aggregates and Industrial Minerals Association filed notices of appeal with ERAC challenging certain terms and conditions included in those PTIOs. Specifically, appellees challenged the particulate emission ("PE") limitations applicable to the air contaminant sources identified in the PTIOs as "storage piles" and "roadways." Appellees argued the PE limitations in the PTIOs were unlawful because they conflicted with R.C. 3704.03(T), which proscribes the manner in which the director must express best available technology requirements. The director argued, in relevant part, that the current version of R.C. 3704.03(T) is inapplicable to the PTIOs issued for the Cedarville, Troy, and Fairborn facilities. It was the director's position that the PTIOs for these facilities were renewal permits, rather than new or modified permits, such that current R.C. 3704.03(T) was inapplicable. Without deciding whether the PTIOs were new or renewals, ERAC found that current R.C. 3704.03(T) applied regardless. As such, ERAC concluded the PE limitations contained in the PTIOs were unlawful.

## II. ASSIGNMENT OF ERROR

{¶ 3} This appeal followed, and the director brings the following assignment of error for our review:

> The Environmental Review Appeals Commission erred as a matter of law when it found that the current version of R.C. 3704.03(T) applies to renewal permits to install and operate.

## III. DISCUSSION

{¶ 4}   In reviewing ERAC orders, R.C. 3745.06 provides that this court "shall affirm the order" if we find "upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.  In the absence of such a finding, [the court] shall reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."  "Reliable evidence is evidence which can be trusted.  In order for evidence to be reliable, there must be a reasonable probability that it is true.  Probative evidence is evidence which tends to prove the issue in question, while substantial evidence is evidence which carries weight, or evidence which has importance and value."  *Perrysburg v. Schregardus*, 10th Dist. No. 00AP-1403 (Nov. 13, 2001), citing *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).  In determining whether an ERAC order is supported by reliable, probative, and substantial evidence, this court must weigh and evaluate the credibility of the evidence.  *Parents Protecting Children v. Korleski*, 10th Dist. No. 09AP-48, 2009-Ohio-4549, ¶ 10.  However, in doing so, we must remember the fact that the General Assembly created these administrative bodies to facilitate certain areas of the law by placing the administration of those areas before members with special expertise, and, thus, we afford due deference to ERAC's interpretation of rules and regulations and resolution of evidentiary conflicts.  *Id.*

{¶ 5}   The Ohio Rules of Civil Procedure apply with some exceptions to all courts of the state but not to administrative bodies.  Civ.R. 1(A); *Village of Harbor View v. Jones*, 10th Dist. No. 10AP-356, 2010-Ohio-6533, ¶ 54.  Therefore, Civ.R. 56 may guide ERAC when it decides motions for summary judgment, but the rule does not bind ERAC's review.  *Waste Mgmt. of Ohio, Inc. v. Bd. of Health of the City of Cincinnati*, 159 Ohio App.3d 806, 2005-Ohio-1153, ¶ 93 (10th Dist.).  To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law.  Civ.R. 56(C).  A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one

conclusion and that conclusion is adverse to the nonmoving party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151 (1974).

{¶ 6}   The appeal before ERAC concerned four PTIOs.  On appeal to this court, the director agrees that the current version of R.C. 3704.03(T) applies to the PTIO issued to the Hamilton facility, thus, the director challenges ERAC's decision only as it relates to the PTIOs issued to the Cedarville, Troy, and Fairborn facilities.  Our discussion focuses likewise.

{¶ 7}   R.C. 3704.03 provides in relevant part:

> The director of environmental protection may do any of the following:
>
> * * *
>
> (T) Require new or modified air contaminant sources to install best available technology, but only in accordance with this division.  With respect to permits issued pursuant to division (F) of this section beginning three years after August 3, 2006, best available technology for air contaminant sources and air contaminants emitted by those sources that are subject to standards adopted under section 112, Part C of Title I, and Part D of Title I of the federal Clean Air Act shall be equivalent to and no more stringent than those standards. For an air contaminant or precursor of an air contaminant for which a national ambient air quality standard has been adopted under the federal Clean Air Act, best available technology only shall be required to the extent required by rules adopted under Chapter 119. of the Revised Code for permit to install applications filed three or more years after August 3, 2006.
>
> Best available technology requirements established in rules adopted under this division shall be expressed only in one of the following ways that is most appropriate for the applicable source or source categories:
>
> (1)  Work practices;
>
> (2) Source design characteristics or design efficiency of applicable air contaminant control devices;

(3) Raw material specifications or throughput limitations averaged over a twelve-month rolling period;

(4) Monthly allowable emissions averaged over a twelve-month rolling period.

Best available technology requirements shall not apply to an air contaminant source that has the potential to emit, taking into account air pollution controls installed on the source, less than ten tons per year of emissions of an air contaminant or precursor of an air contaminant for which a national ambient air quality standard has been adopted under the federal Clean Air Act. In addition, best available technology requirements established in rules adopted under this division shall not apply to any existing, new, or modified air contaminant source that is subject to a plant-wide applicability limit that has been approved by the director. Further, best available technology requirements established in rules adopted under this division shall not apply to general permits issued prior to January 1, 2006, under rules adopted under this chapter.

For permits to install issued three or more years after August 3, 2006, any new or modified air contaminant source that has the potential to emit, taking into account air pollution controls installed on the source, ten or more tons per year of volatile organic compounds or nitrogen oxides shall meet, at a minimum, the requirements of any applicable reasonably available control technology rule in effect as of January 1, 2006, regardless of the location of the source.

{¶ 8} The parties agree that current R.C. 3704.03(T) applies only to new or modified permits and not to renewal permits. As indicated previously, though disputed, ERAC did not determine whether the permits at issue were renewal or new permits, but, instead, concluded that current R.C. 3704.03(T) applies regardless. As conceded by the parties, given the plain language of R.C. 3704.03(T), such conclusion is in error. Therefore, we sustain appellant's assignment of error. However, the parties dispute, as they did before ERAC, whether or not the permits sought were renewal or new permits. Because the record is not developed as to this issue, it is not one that we should decide in the first instance, but, rather, it is one that ERAC should determine on remand.

{¶ 9} Accordingly, we sustain appellants assignment of error.

## IV. CONCLUSION

{¶ 10} For the foregoing reasons, appellant's sole assignment of error is sustained, the order of the Environmental Review Appeals Commission regarding the PTIO's issued to the Cedarville, Troy, and Fairborn, Ohio facilities is reversed, and this matter is remanded to that commission for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

KLATT and DORRIAN, JJ., concur.

_____