[Cite as *Whitt v. Mazda Motor of Am., Inc.*, 2011-Ohio-3097.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM E. WHITT, JR., ET AL. | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010CA00343 |
| MAZDA MOTOR OF AMERICA, INC.,<br>ET AL. | |
| | O P I N I O N |
|     Defendants-Appellees | |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Common Pleas Court, Case No. 2010CV00602

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       June 20, 2011

APPEARANCES:

For Plaintiffs-Appellants

G. IAN CRAWFORD
Crawford, Lowry & Associates, L.L.C.
116 Cleveland Ave., N.W., Suite 800
Canton, Ohio 44702

For Defendants-Appellees

H. TOBY SCHISLER
ALICIA M. STEFANSKI
Dinsmore & Shohl
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202

*Hoffman, J.*

{¶1}   Plaintiffs-appellants William E. Whitt, Jr., et al. appeal the November 18, 2010 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Mazda Motor of America, Inc.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 21, 2008, Appellants purchased a 2008 Mazda CX-7 from Park Mazda.  Appellants began to experience problems with the vehicle and brought the vehicle to Firestone in Canton, Ohio for repair.  Thereafter, on three additional occasions Appellants brought the vehicle to Park Mazda with complaints of tire wear as well as noises and/or vibrations from the tires.  Park was unable to resolve the issue, and Appellants presented the vehicle to other dealers, all to no avail.

{¶3}   On February 12, 2010, Appellants filed a Complaint in the Stark County Court of Common Pleas, naming Appellee and NSGM Corporation dba Park Mazda of Wooster as defendants.  The Complaint alleged violations of Ohio's Lemon Law, breach of expressed and implied warranties, violations of the federal Magnuson-Moss Warranty Act, and violations of Ohio's Consumer Sales Practices Act.  Following discovery, Appellee filed a motion for summary judgment.  Appellants filed a motion in opposition thereto to which Appellee filed a reply brief.  Via Judgment Entry filed November 18, 2010, the trial court granted summary judgment in favor of Appellee, finding the problems Appellants experienced with their vehicle were caused by a design defect. The trial court concluded the vehicle warranty did not extend to defects in design; therefore, Appellants' claims fail.

{¶4} It is from this judgment Appellants appeal, raising the following assignments of error:

{¶5} "I. THE COURT BELOW ERRED AS A MATTER OF LAW TO THE EXTENT IT FOUND THAT OHIO REVISED CODE §1345.71 ET SEQ. (OHIO'S 'LEMON LAW') DID NOT APPLY TO THE CASE AT BAR.

{¶6} "II. THE COURT BELOW ERRED AS A MATTER OF LAW TO THE EXTENT IT FOUND THAT OHIO REVISED CODE §1345.01 ET SEQ. (OHIO'S CONSUMER SALES PRACTICES ACT) DID NOT APPLY TO THE CASE AT BAR AND THAT PLAINTIFFS-APPELLANTS COULD NOT PROCEED UNDER ANY CAUSE OF ACTION BASED ON AN ALLEGED BREACH OF THE WRITTEN WARRANTY."

## Standard of Review

{¶7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶8} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary

judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶9} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I & II

{¶10} Because Appellants' assignments of error both assert error in the trial court's granting summary judgment in favor of Appellee, we shall address them together. In their first assignment of error, Appellants challenge the trial court finding R.C. 1345.71, et seq., Ohio's Lemon Law, was not applicable to the instant action. In their second assignment of error, Appellants challenge the trial court finding R.C. 1345.01, et seq, Ohio's Consumer Sales Practices Act, was not applicable to the instant situation; therefore, Appellants could not proceed under any cause of action based upon an alleged breach of expressed or implied warranty.

{¶11} R.C. 1345.71, et seq. is designed to protect consumers from chronically defective new automobiles. It requires new vehicles to live up to warranties given by manufacturers. Ohio's Lemon Law attaches a clear duty to sellers, and provides a clear remedy to buyers should the seller breach its duty.

{¶12} Pursuant to R.C. 1345.72(A), a vehicle must abide by its warranty, and if the condition of the automobile does not meet what is warranted, the seller must repair it. R.C. 1345.72(A) provides:

{¶13} "If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period."

{¶14} While R.C. 1345.72(A) attaches a clear duty on sellers and gives them the opportunity to preclude recovery by making prompt repairs, R.C. 1345.72(B) provides consumers a swift and simple remedy should the car not be made right within a reasonable number of attempts.  R.C. 1345.72(B) reads:

{¶15} "(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer, at the consumer's option, and subject to division (D) of this section, either shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund each of the following:

{¶16} "(1) The full purchase price;

{¶17} "(2) All incidental damages, * * *."

{¶18} The manufacturer's express warranty in the case sub judice provides:

{¶19} "Mazda warrants that your new Mazda Vehicle is free from defects in material or workmanship subject to the following terms and conditions."

{¶20} The trial court found the warranty did not cover claims of design defects. Appellant William Whitt, an ASE certified mechanic[1], testified the design and specifications relative to the alignment/suspension were the only cause for the tire wear on his vehicle.  Appellant William Whitt specifically stated the problems he experienced with his vehicle were the results of this alleged design defect.

{¶21} To reiterate, Ohio's Lemon Law requires manufacturers to honor a new motor vehicle's express warranty by making any repairs necessary to conform the

---

[1] An ASE certified mechanic is certified through the National Institute of Automotive Service Excellence after passing an examination.

vehicle to the warranty. The problems about which Appellants complained did not fall within the applicable expressed warranty on the vehicle. Accordingly, we find the trial court did not err in finding R.C. 1345.71, et seq. did not apply, and did not err in granting summary judgment in favor of Appellee on this issue.

{¶22} We now turn to Appellants' second assignment of error. Appellants maintain the trial court erred in finding they could not maintain their breach of warranty claims.

{¶23} Congress enacted the Magnuson-Moss Warranty Act, Section 2301 et seq., Title 15, U.S.Code, in 1975, in response to what it perceived to be widespread misuse by merchants of express warranties and disclaimers. Taylor, Read the Fine Print: Alabama Supreme Court Rules that Binding Arbitration Provisions in Written Warranties are Okay (2001), 2001 J.Disp.Resol. 165, fn. 2. The Act establishes a federal right of action for consumers to enforce written or implied warranties against suppliers, warrantors, or service contractors. *Hyundai Motor Am., Inc. v. Goodin* (Ind.2005), 822 N.E.2d 947, 951. In addition to these protections, the Act limits the ability of manufacturers to disclaim or modify implied warranties in cases where they have offered express warranty protection. Id. The Act does not, however, establish new implied warranties or otherwise modify the implied warranties existing according to state law. Instead, the Act looks to the governing state law and adopts the implied warranty protections already established.

{¶24} In order to establish a breach of a written warranty under Magnuson Moss, Appellants must establish the existence of a written warranty and that the manufacturer failed to cure a defect in their vehicle after being afforded a reasonable number of

attempts. 15 U.S.C. 2301, et seq.; *Sharkus v. Daimler Chrysler Corp.*, Cuyahoga App. No. 79218, 2002-Ohio-5599, at para 11. Having found, supra, the written warranty on Appellants' vehicle did not cover design defects, we find Appellants cannot establish a claim under the Magnuson-Moss Warranty Act.

**{¶25}** Furthermore, Appellants' claims for breach of implied warranty also fail. "[P]urchasers of automobiles may assert a contract claim for breach of implied warranty only against parties with whom they are in privity" *Curl v. Volkswagen of America, Inc.* 114 Ohio St.3d 266, 2007-Ohio-3609, at 26. Here, the trial court correctly found Appellants were not in privity with Appellee.

**{¶26}** Appellants' claims under the Ohio Consumer Sales Practices Act are based upon the assertion Appellee breached its expressed and implied warranty obligations to Appellants. Having found Appellee did not breach any warranty obligations, we find the trial court did not err in finding the Ohio Consumers Sales Practices Act not applicable to the instant action.

**{¶27}** Based upon the foregoing, Appellants' first and second assignments of error are overruled.

**{¶28}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

WILLIAM E. WHITT, JR., ET AL.　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　Plaintiffs-Appellants　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
-vs-　　　　　　　　　　　　　　　　　　　　:　　　　　　JUDGMENT ENTRY
　　　　　　　　　　　　　　　　　　　　　　　:
MAZDA MOTOR OF AMERICA, INC.,　　　:
ET AL.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　Defendants-Appellees　　　　　　　　　:　　　　　　Case No. 2010CA00343

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise _____
HON. JOHN W. WISE