[Cite as *Arlington Bank v. United Ohio Ins. Co.*, 2011-Ohio-5938.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE ARLINGTON BANK | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT11-0024 |
| UNITED OHIO INSURANCE<br>COMPANY | |
| | O P I N I O N |
| Defendant-Appellant | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court<br>of Common Pleas, Case No. CH2010-0558 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 16, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

JACK D'AURORA
The Behal Law Group, LLC
501 S. High Street
Columbus, Ohio 43215

MICHAEL E. JACOBS
McGowan & Jacobs, LLC
246 High Street
Hamilton, Ohio 45011

*Hoffman, P.J.*

(¶1)    Defendant-appellant United Ohio Insurance Company ("United Ohio") appeals the May 18, 2011 Nunc Pro Tunc Entry entered by the Muskingum County Court of Common Pleas, which granted summary judgment in favor of Plaintiff-appellee The Arlington Bank ("the Bank"), and ordered Appellant to pay Appellee $71,193.00 in damages.

STATEMENT OF THE FACTS AND CASE

(¶2)    The parties filed Stipulated Facts with the trial court on March 23, 2011. For purposes of this appeal, the Stipulated Facts are summarized herein.

(¶3)    James Dover owned a modular home and real property located at 11385 Claysville Road in Chandlersville, Muskingum County, Ohio. The Bank financed the mortgage loan for the property. Dover insured the property against certain losses with a policy of insurance issued by United Ohio.  At issue herein is the policy period between August 1, 2007, and August 1, 2008. On or about September 8, 2006, the Bank requested United Ohio update the Bank's address.

(¶4)    Dover's home was destroyed by fire on October 26, 2007.  As of that date, Dover owed the Bank approximately $147,000.00 on the mortgage.  Dover notified his insurance agent of the fire, who, in turn, filed a Property Loss Notice with United Ohio. The Notice did not include or otherwise reference the Bank as the mortgagee. United Ohio determined the fire was a covered loss under its policy. Via e-mail sent February 5, 2008, United Ohio and Dover agreed to a figure of approximately $186,000.00, as the amount of the loss.

**(¶5)** Between December 14, 2007, and October 7, 2008, United Ohio issued four checks, totaling $187,340.00, to Dover.   United Ohio did not notify the Bank of its intention to issue these checks for the fire loss. United Ohio did not include the Bank as a joint payee on the checks.  With the proceeds, Dover built a new home.  The Bank did not become aware of the fire until late February, 2010.

**(¶6)** Over the life of the mortgage, Dover had been in default several times, but eventually made the principal and interest payments he had missed.  However, after Dover fell three months behind on the mortgage, the Bank initiated a foreclosure action in June, 2009.  The trial court issued judgment in favor of the Bank, and awarded damages in the approximate amount of $145,000. The Bank successfully bid $84,000.00 for the property at the Sheriff's sale, and subsequently sold the property for $68,750.00.

**(¶7)** On August 25, 2010, following the Sheriff's sale and the reselling of the property, the Bank initiated the instant action against United Ohio for breach of contract on the home owner's policy issued to Dover.   United Ohio filed a motion to dismiss, which the trial court denied.  United Ohio filed its Answer asserting numerous defenses. The matter proceeded through discovery.

**(¶8)** The parties filed Stipulated Facts on March 23, 2011.  Thereafter, the parties filed cross motions for summary judgment.  Via Judgment Entry filed May 12, 2011, the trial court granted summary judgment in favor of "Defendant", and granted "Defendant" damages in the amount of $71,193.00. Via a second Judgment Entry also filed May 12, 2011, the trial court denied "Plaintiff's" motion for summary judgment. Via Nunc Pro Tunc filed May 18, 2011, the trial court vacated the May 12, 2011 Entries,

indicating "due to a Scrivner's error, these Entries were improperly prepared." The trial court granted the Bank's motion for summary judgment, and denied United Ohio's cross motion for summary judgment. The trial court ordered United Ohio to pay the Bank $71,193.00, as damages.

(¶9) It is from this judgment entry United Ohio appeals, raising as error:

(¶10) "I. THE TRIAL COURT ERRED IN DENYING UOIC'S MOTION TO DISMISS FOR FAILURE OF THE COMPLAINT TO STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED.

(¶11) "II. THE TRIAL COURT ERRED IN DENYING UOIC'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE NO MATERIAL FACTS IN DISPUTE AND UOIC WAS ENTITLED TO JDUGMENT AS A MATTER OF LAW.

(¶12) "III. THE TRIAL COURT ERRED IN GRANTING BANK'S MOTION FOR SUMMARY JUDGMENT AS UOIC ESTABLISHED BY UNDISPUTED FACTS BANK COULD NOT PREVAIL ON ESSENTIAL ELEMENTS OF ITS CLAIMS."

(¶13) This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

(¶14) "(E) Determination and judgment on appeal.

(¶15) "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

(¶16) "The decision may be by judgment entry in which case it will not be published in any form."

**(¶17)** This appeal shall be considered in accordance with the aforementioned rule.

I

**(¶18)** In its first assignment of error, United Ohio contends the trial court erred in denying its motion to dismiss.

**(¶19)** Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378, 1992–Ohio–73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584.

**(¶20)** SECTION I – CONDITIONS of the policy issued to Dover provides:

**(¶21)** "**G. Suit Against Us**

**(¶22)** "No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss."

**(¶23)** United Ohio asserts because the provision is unambiguous and not unreasonable, the trial court should have enforced it against the Bank. United Ohio argues the Bank had two years from the date of the loss, i.e., the fire which occurred on October 26, 2007, in which to file the action. Because the Bank failed to do so timely, the trial court should have dismissed its Complaint.

**(¶24)** We agree with United Ohio and find the provision is unambiguous and not, per se, unreasonable. However, such a finding does not end our analysis. We must determine when the limitations period began to run.

**(¶25)** As stated, supra, United Ohio submits the limitations period commenced on the date of the fire. The policy provision states an action must be "started within two years after the date of loss." We find using the date of the fire as "the date of loss" for commencement of the limitations period would lead to unfair and inequitable results for the Bank, the intended third-party beneficiary under the policy; thereby rendering the limitation clause unreasonable as applied against the Bank. The Bank did not learn of the fire until late February, 2010.  The Bank did not incur its loss on the date of the fire. The Bank incurred its loss after United Ohio failed to include the Bank as a co-payee on the checks issued to Dover. The policy identified the Bank as the mortgagee of Dover's property.  The policy provided, "any loss payable under Coverage A or B will be paid to the mortgagee and will be paid to the mortgagee and you.  The policy further provided United Ohio with the option to "pay the mortgagee the whole principal on the mortgage plus any accrued interest." United Ohio issued 4 checks payable solely to Dover with the last issued on October 7, 2008. The Bank filed its Complaint on August 25, 2010, well within two years of either of these events.

**(¶26)** Based upon the foregoing, we find the Bank commenced the action within two years of "the date of loss", and the trial court did not err in overruling United Ohio's motion to dismiss.

**(¶27)** United Ohio further argues the Bank's breach of contract claim was premised upon Dover's defaulting on the mortgage.  We disagree. United Ohio's breach

was the failure to protect the Bank's rights as provided in its policy. By issuing the payments solely to Dover, United Ohio deprived the Bank of the right it had under the mortgage with Dover to use the insurance proceeds to satisfy Dover's loan. The policy United Ohio issued to Dover recognized Dover's obligation to the Bank with the home as collateral. The policy also acknowledged, in the event of a loss, the Bank's collateral might be impaired; therefore, the Bank was contractually made a payee of any benefits to be paid under the policy.

**(¶28)** United Ohio's first assignment of error is overruled.

II, III

**(¶29)** In its second assignment of error, United Ohio submits the trial court erred in denying its motion for summary judgment as there were no disputed material facts. In its third assignment of error, United Ohio contends the trial court erred in denying its motion for summary judgment as the Bank was unable to prevail on the essential elements of its claims.

**(¶30)** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

**(¶31)** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such

evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

**(¶32)** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

**(¶33)** As discussed in assignment of error I, supra, the Bank did not base its claims of breach of contract on Dover's default on the mortgage. The Bank alleged United Ohio breached its contract by failing to make payments jointly to Dover and the Bank, and such breach deprived the Bank of its right to use any payment under the policy to satisfy the mortgage obligations of Dover. The Bank and Dover had the same right to recovery under the policy. The Bank was entitled, to the same degree as Dover, to the insurance proceeds for the loss. At the time of the fire, Dover was in default on the mortgage. The Bank sent Dover a demand letter six weeks prior to the fire. If the Bank had notice of the loss, the Bank could have demanded Dover use the proceeds to satisfy the loan. The Bank could have objected to Dover's using the proceeds to restore the house.

**(¶34)** Based upon the foregoing, we overrule United Ohio's second and third assignments of error.

**(¶35)** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Delaney, J. concurs,

Farmer, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

*Farmer, J., dissents*

{¶36} I respectfully dissent from the majority's opinion that the two year period for filing a claim of loss began on October 7, 2008 when appellant issued its last check to Mr. Dover.

{¶37} It is my opinion that the two year period began when the fire occurred on October 26, 2007. As a "named insured" under the subject policy, appellee was required to perfect its claim within a two year period. In June of 2009, within the loss period, appellee initiated a foreclosure action on the property. This clearly indicates knowledge of the premises.

{¶38} I would find the trial court should have granted the motion to dismiss based upon the contract provisions and grant Assignment of Error I.


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE ARLINGTON BANK                  :
                                    :
    Plaintiff-Appellee              :
                                    :
-vs-                                :          JUDGMENT ENTRY
                                    :
UNITED OHIO INSURANCE               :
COMPANY                             :
                                    :
    Defendant-Appellant             :          Case No. CT11-0024


For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to Appellant.


                        s/ William B. Hoffman _____
                        HON. WILLIAM B. HOFFMAN


                        _____
                        HON. SHEILA G. FARMER


                        s/ Patricia A. Delaney _____
                        HON. PATRICIA A. DELANEY