[Cite as *Francis v. Nickoli*, 2011-Ohio-6358.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAYMOND E. FRANCIS | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |

RAYMOND E. FRANCIS

      Plaintiff-Appellee

-vs-

SUSAN NICKOLI

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 11-CA-44

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
Common Pleas, Case No. 09 CV 1473

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 8, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JONATHAN A. VELEY      CHARLES E. TAYLOR
3 South Park Place      P.O. Box 1730
Newark, Ohio 43055      Buckeye Lake, Ohio 43008

*Hoffman, P.J.*

{¶ 1}   Defendant-appellant Susan Nickoli appeals the March 24, 2011 Judgment Entry entered by the Licking County Court of Common Pleas in favor of Plaintiff-appellee Raymond E. Francis.

STATEMENT OF THE FACTS AND CASE

{¶ 2}   On May 8, 2005, the parties entered an "Agreement as to Foreclosure and Sheriff Sale."   The terms of the agreement provided Appellee would bid on property located at 4394 Refugee Road, Hebron, Ohio at a sheriff sale in exchange for Appellant's agreement to subordinate a lien she had on the property to Appellee's mortgage lien on the property.   Appellee would then sell the property to Appellant according to the terms and conditions of a land contract to be executed by the parties and attached to the agreement.   Appellee was the successful bidder at the sheriff sale of the property.

{¶ 3}   The parties executed the contemplated land installment contract ("Land Contract") on April 8, 2005.   According to the terms of the Land Contract, Appellant, who was in possession of the property at the time of execution of the contract, was to begin making monthly payments to Appellee in the amount of $1,210.71 on May 15, 2006, and continuing thereafter until a closing occurred.

{¶ 4}   Appellee wrote next to his signature on the agreement, "SUBJECT TO APPROVAL FROM SELLERS ATTORNEY WHICH DEADLINE SHALL NOT EXCEED TUESDAY 4/12/05."

{¶ 5}   The Land Contract provided for a balloon payment of principal and interest on May 15, 2006.   Prior to the balloon payment due date, Appellant was in default on

the Land Contract. Appellant never made any of the required monthly payments, and only paid one-half of the five thousand dollar required down payment.

{¶ 6} On March 21, 2006, the parties executed a real estate purchase agreement with respect to the purchase and sale of the same real estate located at 4394 Refugee Road, Hebron, Ohio ("Purchase Agreement"). The purchase price of the property was $186,900. Pursuant to the terms of the contract, Appellant had until April 30, 2006, to close on the sale. The agreement included the following language,

{¶ 7} "paragraph 1.4- eliminate hand written language in this paragraph and add the following terms and conditions: The closing shall take place on or before April 30, 2006. Until the closing is finalized, Buyer shall comply fully with the terms of the Land Installment Contract, including the payment of $1,201.71 to the Seller each month until closing finalized…In the event Buyer fails to pay all or part of each monthly payment, then such sums shall be added to the sale price and paid to the Seller at time of closing."

{¶ 8} Appellant was unable to secure financing to purchase the property, and failed to close on the purchase by April 30, 2006. However, Appellant remained in possession of the premises until she was removed from the premises on August 4, 2010, pursuant to a writ of possession issued by the trial court.

{¶ 9} Appellant did not make any monthly payments from March 21, 2006, to August 4, 2010, pursuant to the terms of the parties' agreement(s).

{¶ 10} Appellee filed a complaint for forfeiture of land contract and forcible entry and detainer in the Licking County Municipal Court on June 30, 2009, alleging Appellant breached the parties' agreement. On December 1, 2009, Appellee filed an amended

complaint in the Licking County Court of Common Pleas. Appellant filed an answer and counterclaim for the imposition of a construction trust, for damages for breach of contract, and to offset the amount of improvements she made to the property during the time of her possession.

{¶ 11} On April 7, 2010, Appellee filed a motion for summary judgment. On May 4, 2010, Appellant filed a cross motion for summary judgment as to her counterclaim.

{¶ 12} Via Judgment Entry of July 9, 2010, the trial court granted summary judgment in favor Appellee, and denied Appellant's motion for summary judgment.

{¶ 13} Via Judgment Entry of March 24, 2011, the trial court rendered judgment in favor of Appellee in the amount of $62,956.92, and found Appellant was not entitled to any setoff for improvements alleged to have been made to the premises.

{¶ 14} Appellant now appeals, assigning as error:

{¶ 15} "I. THE CONCLUSION OF LAW IV THAT 'THE PURCHASE AGREEMENT (EXHIBIT C) WAS EXECUTED LESS THAN TWO MONTHS BEFORE THE BALLOON PAYMENT WAS DUE ON THE LAND INSTALLMENT CONTRACT AND AFTER DEFENDANT HAD BEEN IN DEFAULT ON THE LAND INSTALLMENT CONTRACT FOR NOT MAKING PAYMENTS IS ARBITRARY, CAPRICIOUS AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.'

{¶ 16} "II. THE COURT'S CONCLUSION OF LAW THAT THE CONTRACT 3, THE REAL ESTATE PURCHASE AGREEMENT, EXTINGUISHED THE LAND INSTALLMENT CONTRACT AND THAT NICOLI WAS A MERE TENANT AT SUFFERANCE WAS ERRONEOUS AS A MATTER OF LAW.

{¶ 17} "III. THE TRIAL COURT COMMITTED PREJUDICAL ERROR IN FAILING TO FIND THAT THE RECORD CONTAINED ALL THE ELEMENTS OF A PROMISSORY FRAUD IN THE INDUCEMENT CAUSE OF ACTION.

{¶ 18} "IV. THE PLAINTIFF'S FRAUDULENT BAD FAITH CONDUCT GAVE RISE TO AN ACTION FOR IMPOSITION OF A CONSTRUCTIVE TRUST."

{¶ 19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶ 20} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶ 21} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial

court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I., II. and IV.

**{¶ 22}** Appellant's first, second and fourth assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶ 23}** Appellant asserts the April 8, 2005 Land Contract was not approved by Appellee's attorney; therefore, the condition subsequent was never removed. Further, Appellee never recorded the land contract. As a result, Appellant argues she was excused from her obligation to tender payments. Appellant also maintains the land installment contract interest could only be terminated by a foreclosure or judicial sale. Specifically, Appellant cites O.R.C. 5313.07, which provides:

{¶ 24} "If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.****"

{¶ 25} Appellant failed to make any payments or to tender any payment other than an initial deposit of $2,500, which was $2,500 less than the agreed upon $5,000 deposit.  While Appellant claims to have made improvements to the property contributing to the value of the property, the agreed upon purchase price under both the Land Contract and the subsequent Purchase Agreement were both less than the parties' acknowledged the property to be worth.  Appellant had not paid pursuant to the terms of the Land Contract for a period of five years and had not paid toward the purchase price a total sum equal to twenty percent of the purchase price.  Accordingly, we find the terms of R.C. 5313.07 are not applicable herein.

{¶ 26} Appellant's answer to the amended complaint included the following paragraph,

{¶ 27} "10. The defendant admits the allegations of paragraph 15 that Contract Two [the Land Contract] did not survive the execution of Contract Three [the Purchase Agreement] but denies that Contract Two was merged into Contract Three."

{¶ 28} Appellee's counteroffer to the Purchase Agreement, agreed to and incorporated by the parties, states:

{¶ 29} "paragraph 1.4- eliminate hand written language in this paragraph and add the following terms and conditions: The closing shall take place on or before April 30, 2006. Until the closing is finalized, Buyer shall comply fully with the terms of the Land Installment Contract, including the payment of $1,201.71 to the Seller each month until closing finalized. The next payment is due on or before April 15, 2066. If the closing is after April 15, 2006, then the monthly payment shall be prorated to date of closing. In the event Buyer fails to pay all or part of each monthly payment, then such sums shall be added to the sale price and paid to the Seller at time of closing."

{¶ 30} As Appellant failed to perform on the Purchase Agreement, the parties' recognized by paragraph 1.4 set forth above, the parties' would revert to the terms of the Land Contract previously executed. Therefore, we do conclude the trial court erred in finding the Purchase Agreement executed by the parties on March 21, 2006, constituted an accord and satisfaction of the Land Contract previously executed by the parties.

{¶ 31} However, as Appellant failed to comply by the terms of the Land Contract by not making any payments pursuant to the terms thereof, she became a tenant at sufferance. The trial court did not award Appellee any damages pursuant to the Land Contract; rather, the court awarded Appellee damages for Appellant's failure to make

payments as required under the Purchase Agreement and the reasonable rental value of the premises. As Appellant failed to comply with the terms of the Land Contract, the trial court did not err in finding Appellant a tenant at sufferance and awarding damages accordingly.

{¶ 32} The first, second and fourth assignments of error are overruled.[1]

III.

{¶ 33} In the third assignment of error, Appellant asserts she was fraudulently "induced to complete her end of the bargain." However, a review of the record demonstrates Appellant has not established she was fraudulently induced to enter into the March 2006 Purchase Agreement by the fraudulent actions of Appellee. Rather, Appellant's arguments relate to the history between the parties occurring over four years prior to the within action, rendering Appellant's arguments time-barred. Accordingly, the third assignment of error is overruled.

---

[1] As noted supra, though we agree with the Appellant's argument in his second assignment of error, we find the error harmless in light of Appellant's failure to perform her obligations under the Land Contract.

{¶ 34} The March 24, 2011 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


RAYMOND E. FRANCIS                      :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :               JUDGMENT ENTRY
                                        :
SUSAN NICKOLI                           :
                                        :
    Defendant-Appellant             :               Case No. 11-CA-44


For the reasons stated in our accompanying Opinion, the March, 24, 2011 Judgment

Entry of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.




s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY