[Cite as *U.S. Natl. Bank Assn., N.A. v. Bartholomew*, 2012-Ohio-3703.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION, N. A. | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| -vs- | Case No. 2011CA00151 |
| DEBORAH C. BARTHOLOMEW | O P I N I O N |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas, Case No. 2009CV02199

JUDGMENT:                     Affirmed in part; Vacated in part; and
                              Remanded

DATE OF JUDGMENT ENTRY:       August 13, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SCOTT A. KING                             KRISTINE W. BEARD
TERRY W. POSEY, JR.                       4450 Belden Village St. N.W.
Thompson Hine LLP                         Suite 703
Austin Landing I                          Canton, Ohio 44718-2540
10050 Innovation Drive
Suite 400
Dayton, Ohio 45342

*Hoffman, J.*

{¶1} Defendant-appellant Deborah C. Bartholomew appeals the June 14, 2011 Judgment Entry entered by the Stark County Court of Common Pleas granting summary judgment in favor of Plaintiff-appellee U.S. Nation Bank Association, N.A.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 22, 2005, Appellant executed an adjustable rate note with a six month index, which note was secured by a mortgage wherein Ownit Mortgage Solutions, Inc. was the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee. MERS acted solely as nominee for Lender and Lender's successors and assigns of the mortgage. The mortgage was filed for record on April 22, 2005, in the Stark County Recorder's Office.

{¶3} On May 28, 2009, the mortgage was received by U.S. Bank National Association ("U.S. Bank") as trustee for the Structured Asset Investment Loan Trust, 2005-IIE2 by way of an assignment from MERS as nominee for the original lender Ownit Mortgage Solutions, Inc.

{¶4} On June 4, 2009, U.S. Bank filed a complaint in foreclosure against Appellant alleging Appellant had defaulted under the terms of the note and the mortgage securing the same. U.S. Bank declared Appellant owed a debt of $128,974.73, together with interest, in the amount of 11.2500% per year from December 1, 2008.

{¶5} Appellant filed an answer and amended answer summarily denying the allegations in the complaint. On June 26, 2009, the trial court referred the matter to the Stark County mediation program.

{¶6} On March 9, 2010, Appellant signed a Home Affordable Modification Agreement indicating an effective date of April 1, 2010 with America's Servicing Company named as Lender.

{¶7} On September 13, 2010, U.S. Bank filed a motion for summary judgment. On the same date, U.S. Bank filed an affidavit in support of motion for summary judgment stating an amount due on the account in the amount of $128,908.51 together with interest from January 1, 2009, at 11.250 per annum.

{¶8} Appellant filed a motion to strike the motion for summary judgment asserting the motion was in violation of the trial court's order to stay the proceedings pending mediation. The trial court did not address the motion to strike. Appellant did not otherwise respond to the motion for summary judgment.

{¶9} On November 23, 2010, U.S. Bank sent Appellant notice she had been denied a HAMP modification, but had been approved for a traditional loan modification agreement.

{¶10} On December 14, 2010, Appellant filed a motion to enforce the terms of the agreement executed on March 9, 2010, and requested a hearing on the motion to enforce the purported settlement agreement. U.S. Bank responded by filing a motion to strike the motion to enforce. On May 2, 2011, the trial court granted the motion to strike filed by U.S. Bank, and denied Appellant's motion to enforce the settlement agreement without hearing.

{¶11} Via Judgment Entry filed June 14, 2011, the trial court granted summary judgment in favor of U.S. Bank.

{¶12} Appellant now appeals, assigning as error:

**{¶13}** "I. THE TRIAL COURT ERRED IN SUMMARILY STRIKING AND/OR SUMMARILY DENYING APPELLANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT WITHOUT A HEARING ON THE MATTER.

**{¶14}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT.

**{¶15}** "III. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

I. & II.

**{¶16}** Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶17}** This Court reviews a trial court's decision on a motion to enforce a settlement agreement by determining whether "the trial court's order is based on an erroneous standard or a misconstruction of law." *Continental W. Condominium Unit Owners Ass'n v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501 (1996).

**{¶18}** In order to be enforceable, the modification to a contract affecting an interest in land must be in writing and "signed by the party to be charged therewith or some other person…authorized". R.C. 1335.04 and R.C. 1335.05.

**{¶19}** The HAMP document at issue herein provides for a "Loan Trial Period" in which America's Servicing Company provides Appellant with a supplemental loan modification agreement for a trial period during which Appellant pays a set amount each month. The trial period listed in the HAMP document herein began April 1, 2010, and

ended July 1, 2010. The HAMP document was not provided by U.S. Bank, was not signed by U.S. Bank and does not guarantee a loan modification agreement would result. Rather, the record reflects U.S. Bank offered Appellant a permanent loan modification on November 23, 2010, which she refused.

{¶20} Appellant asserts the trial court erred in denying her motion to enforce the settlement agreement without first holding a hearing. However, a trial court is not required to hold a hearing on the issue where there is no evidence of a full and complete agreement reached between the parties. *First Merit Bank, N.A. v. Ashland Lakes, LLC.* Ashland App. No. 11-COA-017, 2012-Ohio-549.

{¶21} Accordingly, we find the trial court did not err in summarily denying the motion to enforce the alleged settlement agreement as there is no evidence a final settlement agreement was, in fact, reached herein.

{¶22} The first and second assignments of error are overruled.

III.

{¶23} In the third assignment of error, Appellant maintains the trial court erred in granting summary judgment in favor of U.S. Bank on the foreclosure action.

{¶24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶25} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2)

the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶26} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on

summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

**{¶27}** As set forth in our analysis and disposition of Appellant's first and second assignments of error, the record demonstrates there was not a final enforceable settlement agreement executed by the parties. The record reflects Appellant did not file a responsive pleading to U.S. Bank's motion for summary judgment, and did not offer evidence demonstrating a genuine of issue of material fact.  Rather, Appellant's only remaining argument is the amount due on the note was not properly supported by the affidavit offered with the motion for summary judgment.

**{¶28}** Appellant asserts she made additional payments on the note pursuant to the terms of the HAMP document after the date of the affidavit offered in support of U.S. Bank's motion for summary judgment.  U.S. Bank admits the same in their brief to this Court,

**{¶29}** "To the extent Bartholomew made payments after January 1, 2009 (as she had claimed to have done under the TPA), she is entitled to a credit against the balance due on the judgment.  The fact that she is entitled to a credit on the judgment does not destroy the original accuracy of its calculation."

**{¶30}** Pursuant to the terms of the HAMP document, Appellant paid $609.47 for a number of months which were not contemplated in the September 13, 2010 affidavit offered in support of U.S. Bank's motion for summary judgment to establish damages. Upon our review of the record and the evidence presented, we find the trial court properly granted summary judgment in favor of U.S. Bank on the complaint in foreclosure.  However, on the issue of damages, the record contains sufficient evidence

Appellant made payments on the note herein after January 1, 2009, which payments were not reflected in the amount set forth in the affidavit offered in support of U.S. Bank's motion for summary judgment.  Therefore, we hereby vacate the amount of the award issued and remand the matter to the trial court for the limited purpose of a redetermination of the amount due herein.

{¶31} The judgment of the Stark County Court of Common Pleas is affirmed in part; vacated in part; and remanded.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| U.S. NATIONAL BANK ASSOCIATION, N.A. | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEBORAH C. BARTHOLOMEW | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011CA00151 |


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part; vacated in part; and remanded for further proceedings in accordance with our opinion and the law. Costs to be divided equally.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN