[Cite as *Allerton v. Burns*, 2021-Ohio-500.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JULIA ALLERTON, ET AL., | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2020 CA 00042 |
| DEBORAH L. BURNS | |
| Defendant-Appellee | O P I N IO N |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of
                             Common Pleas, Probate Division, Case
                             No. 20190543A


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 23, 2021


APPEARANCES:


For Plaintiffs-Appellants              For Defendant-Appellee

WILLIAM T. BONHAM                      PATRICK S. CARPENTER
Mularski, Bonham, Dittmer, Phillips &  Schaller, Campbell & Untied
Steele, LLC                            32 North Park Place
107 W. Johnstown Road                  P.O. Box 309
Gahanna, Ohio  43230                   Newark, Ohio  43058

*Hoffman, J.*

{¶1}    Plaintiffs-appellants Julia Allerton, et al.  appeal the June 2, 2020 Entry Granting Summary Judgment issued by the Licking County Court of Common Pleas, Probate Division, which granted summary judgment in favor of defendant-appellee Deborah L. Burns.

STATEMENT OF THE FACTS AND CASE

{¶2}    Ona Orr ("Decedent") was the mother of Appellant Julia Allerton and Appellee.  Decedent also had three sons, Michael J. Orr, Gregory J. Orr, and David H. Orr, who predeceased Decedent.

{¶3}    Decedent executed a Last Will and Testament on December 18, 2014 ("the 2014 Will").  Years later, following a diagnosis of cancer, Decedent asked Appellee to schedule an appointment for her with Attorney Bill Hayes to update the 2014 Will. Attorney Hayes, who had prepared the 2014 Will, was no longer in private practice as he had been elected Licking County Prosecutor; therefore, an appointment was scheduled with Attorney Hayes' son, W. Scott Hayes.  Attorney W. Scott Hayes prepared the updated Last Will and Testament, which Decedent executed on February 26, 2019 ("the 2019 Will").  Decedent passed away on June 23, 2019.  The 2019 Will was admitted to probate on or about July 23, 2019. Pursuant to the terms of the Will, the trial court appointed Appellee as the Executor of Decedent's Estate.

{¶4}    On September 4, 2019, Appellants Julia Allerton and Clint Allerton, her husband, filed a complaint to contest the 2019 Will, alleging Appellee and Jeffrey Burns, her husband, exerted undue influence over Decedent and Decedent lacked testamentary capacity to execute the 2019 Will. Appellants named Appellee, individually and as Executor of the Estate of Decedent; Jeffrey Burns; Gregory J. Orr; Laurie Orr; Michael J.

Orr; Taylor Orr; Trina Orr; and Todd Orr as defendants.[1]  Appellee filed an answer on behalf of herself, individually, and on behalf of all beneficiaries under the 2019 Will in her capacity as Executor.

**{¶5}**  On January 22, 2020, Appellee filed a motion for summary judgment, arguing she was entitled to judgment as a matter of law because (1) there was no evidence Appellee exerted undue influence over Decedent, and (2) Decedent did not lack testamentary capacity at the time she executed the 2019 Will.  Appellee attached her own affidavit and the affidavit of Attorney W. Scott Hayes in support of her motion.  Appellants filed a memorandum contra Appellee's motion for summary judgment on February 4, 2020.  Appellants attached the affidavits of Appellant Julia Allerton and Michael Orr to establish Appellee influenced Decedent by threatening and intimidating her, and Decedent did not have testamentary capacity due to a series of strokes.  On February 12, 2020, Appellee filed a reply to Appellants' memorandum contra.  The trial court conducted a hearing on June 2, 2020.

**{¶6}**  Via Entry filed June 2, 2020, the trial court granted summary judgment in favor of Appellee.  The trial court found Appellants "failed to produce sufficient evidence to create a genuine issue of material fact, therefore, [Appellee] is entitled to judgment as a matter of law." June 2, 2020 Entry Granting Summary Judgment.

**{¶7}**  It is from this entry Appellants appeal, raising as their sole assignment of error:

---

[1] Defendants Gregory J. Orr, Laurie Orr, Michael J. Orr, Taylor Orr, Trina Orr, and Todd Orr are heirs under the 2019 Will.

THE PROBATE COURT ERRED BY GRANTING THE DEFENDANT'S [SIC] MOTION FOR SUMMARY JUDGMENT BECAUSE THERE ARE A [SIC] GENUINE ISSUES OF MATERIAL FACT TO BE DECIDED.

### STANDARD OF REVIEW

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶9} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶10} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving

party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56 to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I

**{¶11}** Appellants contend the trial court erred in granting summary judgment to Appellee as a genuine issue of material fact exists as to whether Appellee unduly influenced Decedent.

**{¶12}** A will which has been admitted to probate is presumed to have been made free from restraint. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 64, 567 N.E.2d 1291. The contestants have the burden to prove undue influence. *Id.* A claim of undue influence

must be proven by clear and convincing evidence. *Ament v. Reassure Am. Life Ins. Co.,* 180 Ohio App.3d 440, 2009-Ohio-36, 905 N.E.2d 1246, ¶ 38.

{¶13} To invalidate a will, undue influence "must so overpower and subjugate the mind of the testator as to destroy his free agency and make him express the will of another rather than his own, and the mere presence of influence is not sufficient." *West v. Henry,* 173 Ohio St. 498, 501, 184 N.E.2d 200 (1962). In addition, the "[u]ndue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made." *Id.* Proof of undue influence requires: (1) a susceptible testator; (2) another's opportunity to exert influence on the testator; (3) the fact of improper influence exerted or attempted; and (4) a result showing the effect of such influence. *Id.* at 510–511.

{¶14} "General influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will." *Id.* Simply because the testator "disposes of his property in an unnatural manner, unjustly or unequally and * * * at variance with expressions by the testator concerning relatives or the natural objects of his bounty, does not invalidate the will, unless undue influence was actually exercised on the testator." *Id.*

{¶15} Appellants assert the affidavits filed in support of their memorandum contra provided circumstantial evidence from which an inference could be drawn Appellee exerted undue influence over Decedent.  Appellants note, "issues related to undue influence are generally determined upon circumstantial evidence and inferences drawn from a full presentation of facts which may be inconclusive when viewed separately * * *." *Simon v. Aulino,* 4th Dist. Adams No. 18CA1076, 2020-Ohio-6962, ¶41 (Citation omitted).

However, we find the affidavits Appellants filed in support of the memorandum contra were insufficient to create a genuine issue of material fact as to whether Decedent was subject to undue influence by Appellee. Appellants have not pointed to any evidence which would raise a question whether Appellee "so overpower[ed] and subjugate[d] the mind of the testator as to destroy [Decedent's] free agency and make [her] express the will of another rather than [her] own." See, *West,* supra at 501.

**{¶16}** The only evidence Decedent was susceptible to undue influence or lacked testamentary capacity[2] is a conclusory statement in Appellant Julia Allerton's affidavit, in which she states, after Decedent suffered a stroke in 2013, a doctor at the rehabilitation center informed Appellant Julia Allerton the stroke affected the part of Decedent's brain responsible for decision making "about finances." Affidavit of Julia Allerton at para. 2-3. Appellants did not provide any specifics establishing Decedent's susceptibility due to the effect the 2013 stroke had on Decedent's decision-making ability.

**{¶17}** The second element is another's opportunity to exert influence on the testator. In her affidavit, Appellant Julia Allerton indicated Decedent lived with Appellee and Jeffrey Burns in Decedent's home prior to her stroke in 2013, until her death in June, 2019. Allerton Affidavit at para. 4-5. Appellant Julia Allerton also averred Appellee restricted visits of other family members with Decedent. *Id.* at para. 17. In addition, Appellee would not allow Decedent to talk on the phone unless she or Jeffrey Burns was

---

[2] Although in their Summary Judgment Statement Appellants submit, "[q]uestions remain about the testamentary capacity of the Decedent at the time the will was completed and in preceding wills," they do not develop this issue in the Argument and Law section of their Brief. Appellants' Brief at 2.

present. *Id.* at para 21. We find this evidence is sufficient to establish Appellee had the opportunity to exert influence over Decedent.

{¶18} The third element is the fact of improper influence having actually been exerted or attempted. Appellant Julia Allerton submits Appellee "influenced [Decedent] by threatening to no longer take care of her and making her feel guilty for looking at selling the farm to pay for assisted living." *Id.* at 24. We find this statement alone does not create a genuine issue of material fact as to whether Appellee exerted undue influence over Decedent at the time she executed the 2019 Will. In fact, Appellee's affidavit suggests the opposite. Therein, Appellee noted Decedent "was a very strong-willed person who was not easily swayed." Affidavit Regarding Ona M. Orr by Deborah Burns at para. 5. Appellee explained, after Decedent was diagnosed with cancer, Decedent asked her to arrange for a meeting with Attorney Bill Hayes to update the 2014 Will. *Id.* at para. 6. A meeting was ultimately scheduled with Attorney W. Scott Hayes. *Id.* at para. 7. Appellee indicated neither she nor her husband transported Decedent to Attorney Hayes' office; requested Decedent update the 2014 Will; requested Attorney Hayes change the 2014 Will; or was present when Decedent executed the 2019 Will. *Id.* at para. 8-10, 12. In his affidavit filed in support of Appellee's motion for summary judgment, Attorney W. Scott Hayes averred he prepared the 2019 Will and Decedent executed the 2019 Will in his presence. Affidavit Regarding Last Will & Testaments of Ona M. Orr by W. Scott Hayes at para. 2.

{¶19} Finally, assuming, arguendo, a genuine issue of material fact exists as to whether Appellee exerted improper influence over Decedent, we find Appellants cannot establish "a result showing the effect of such influence." Comparing the 2014 Will and

the 2019 Will, we find the 2019 Will contains identical bequests to the same family members as the 2014 Will, with one exception. The 2019 Will includes monetary bequests, totaling $22,000.00, to Michael Orr, Taylor Orr, Trina Orr, and Todd Orr. Because Appellee received an outright gift of the residue of the Estate under both the 2014 Will and the 2019 Will, any reduction in the residue of the Estate would negatively impact Appellee's inheritance. Accordingly, we find no result showing the effect of improper influence upon Decedent by Appellee.

{¶20} Based upon the foregoing, we find the trial court properly granted summary judgment in favor Appellee.

{¶21} Appellants' sole assignment of error is overruled.

{¶22} The judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed.


By: Hoffman, J.
Gwin, P.J. and
Wise, John, J. concur